■ ANTOINETTE VIOLANTE, Appellant, v. RONALD'S HAIR FASHIONS, INC., et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered March 15, 1973, which dismissed the complaint of plaintiff after a jury trial. The trial court dismissed the complaint as to defendants Miller Realty Associates and Edgar J. Bitz and the jury returned a verdict in favor of defendant Ronald's Hair Fashions, Inc. Judgment affirmed as to defendants Miller Realty Associates and Edgar J. Bitz, without costs, and, as to defendant Ronald's Hair Fashions, Inc., judgment reversed, on the law, action severed and new trial granted, without costs. Appellant presented no questions of fact on the appeal. In our opinion, the trial court committed error when it charged the jury: "If you cannot reach an agreement on the question of plaintiff's freedom from contributory negligence * * * then, of course, you have to return a verdict for the defendant" (Ronald's Hair Fashions, Inc.). The court in effect was instructing the jury that they could not disagree as to the question of contributory negligence, but must return a verdict for defendant Ronald's Hair Fashions, Inc. Hopkins, Acting P. J., Munder, Martuscello, Shapiro and Brennan, JJ., concur.

■ JOHN WILSON, an Infant, by HARLEAN WILSON, His Parent, Respondent, v. MARGE LEITE, Doing Business as BEAUTY BOUTIQUE, Appellant. In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Queens County, dated April 26, 1973, which denied her motion for an examination before trial of the infant plaintiff and his guardian and awarded $100 costs to plaintiff. Order modified by striking therefrom the decretal paragraph which denied the motion and by substituting therefor the following: "Ordered that defendant's motion is granted, the examinations of the infant plaintiff and his guardian shall proceed at a time and place to be fixed by defendant upon ten days' written notice". As so modified, order affirmed, without costs. In our opinion, the denial of the motion was an improvident exercise of discretion. We believe the $100 costs awarded to plaintiff will adequately compensate him and his mother for having to appear a second time for an examination before trial. Martuscello, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.