■ PAUL E. GIBSON, Appellant, v JOHN F. D'AVANZO et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals (1) from an order of the Supreme Court, Queens County (Buschmann, J.), dated April 11, 1983, which granted defendants' motion to dismiss the complaint for failure to serve and file a note of issue within 90 days after receipt of defendants' demand pursuant to CPLR 3216 that plaintiff resume prosecution of the action, and denied plaintiff's cross motion to strike the defendants' demand and for leave to take the deposition of defendant Dennis D'Avanzo, and (2) as limited by his brief, from so much of an order of the same court, dated July 12, 1983, as, upon renewal and reargument, adhered to the original determination. Appeal from the order dated April 11, 1983 dismissed. That order was superseded by the order entered upon renewal and reargument. Order dated July 12, 1983 reversed insofar as appealed from, on the law and in the exercise of discretion, order dated April 11, 1983 vacated, defendants' motion denied and plaintiff's cross motion granted, defendants' notice to resume prosecution vacated and defendant Dennis D'Avanzo is directed to appear for a deposition with reference to his knowledge of the whereabouts of a witness named Frank Intagliata. The examination of defendant Dennis D'Avanzo shall be conducted within 30 days after service upon plaintiff of a copy of the order to be made hereon, with notice of entry, at a time and place to be specified by plaintiff in a notice of not less than five days, or at such other time and place as the parties may agree. If the whereabouts of the witness Intagliata are ascertained, plaintiff may conduct an examination of said witness within 45 days after the completion of the examination of defendant Dennis D'Avanzo, at a time and place to be specified in a subpoena to be served upon the witness at least 10 days before the examination (CPLR 3106, subd [b]). Plaintiff is awarded one bill of costs. On our review of the record, we find that plaintiff established a meritorious cause of action and had a reasonable excuse for failing to serve and file a note of issue within the 90-day time frame specified by CPLR 3216. A verified complaint may be considered the equivalent of an affidavit of merit (CPLR 105, subd [t]; *Salch v Paratore,* 60 NY2d 851; *Bethlehem Steel Corp. v Solow,* 51 NY2d 870). Plaintiff did not act in a dilatory fashion and it was appropriate to refrain from placing the case on the Trial Calendar because of the pendency of disclosure proceedings. In addition a deposition of the defendant Dennis D'Avanzo as to the whereabouts of his

passenger, and, if such whereabouts can be ascertained, a deposition of that passenger, is warranted. Titone, J. P., Mangano, Gibbons and Brown, JJ., concur.