■ FLOWER CART, INC., Appellant, v JACQUELINE FACKOVEC et al., Respondents.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered November 15, 1989, which, *inter alia,* denied plaintiff's motion to dismiss defendants' counterclaims pursuant to CPLR 3211 (a) (6) on the ground that they were not properly interposed, unanimously modified, on the law, to dismiss the counterclaims to the extent they seek 25% of plaintiff's shares of stock and are based on Labor Law violations and, except as thus modified, affirmed, without costs or disbursements.

Plaintiff, The Flower Cart, Inc., a flower shop at Grand Central Station, has brought this action against Jacqueline Fackovec, its former employee, and Branches & Buds, Inc. (B & B), a flower shop at 218 Madison Avenue, alleging that Fackovec, during her employment with plaintiff, invested in B & B with her mother and plaintiff's sole shareholder, Deme-

trio Martinez, each as a one-third shareholder, and, unbeknownst to plaintiff and contrary to the parties' 1986 agreement, was diverting plaintiff's customers to B & B and buying material for B & B on plaintiff's credit. In its first cause of action, plaintiff claimed a breach of fiduciary duty and sought both compensatory and punitive damages; in the second cause of action, plaintiff sought to recover $9,686.43 for goods and merchandise ordered for B & B and charged to plaintiff. In their answer, defendants raised twelve affirmative defenses, including the failure to state a cause of action, the bar of laches, the failure to name a proper and indispensable party and the bar of unclean hands, as well as three counterclaims.

According to defendants, each of B & B's principals were to direct business to it while Fackovec's mother would be responsible for its day-to-day operations. Both plaintiff and B & B were to maintain accurate records of all transactions between them, since it was anticipated that the principals would work at both locations and that they would borrow inventory from each other. According to defendants, plaintiff and Martinez failed to comply with the terms of the agreement and, in March 1988, after he had received a full return on his investment, Martinez walked out, severing the relationship between the parties. The first counterclaim, asserted on behalf of Fackovec, alleged that plaintiff through Martinez promised that, upon Martinez's completing payments of notes due to his former partner, plaintiff would transfer to Fackovec shares of stock in plaintiff equal to 25% of the issued and outstanding shares and pay her a salary commensurate with the work she had performed. It was further alleged that notwithstanding that the notes had been fully paid in 1985, plaintiff had failed to fulfill its promise. Accordingly, Fackovec sought an accounting as to the value of her share of the business. In addition, she sought punitive damages pursuant to Labor Law § 198 (1-a)* equal to 25% of the salary due her as well as attorney's fees. The second counterclaim alleged that Martinez, on behalf of plaintiff, had fraudulently misrepresented to Fackovec that plaintiff would increase her salary and give her a share of the business. Fackovec sought the same relief in her second counterclaim as in the first, namely, her share of the business and punitive damages. In a third counterclaim on behalf of both Fackovec and B & B, for which Fackovec and B & B sought

---

* The counterclaim sought relief under Labor Law § "198 (a)"; however, there is no such provision. Defendants stated in opposition to the motion to dismiss the counterclaims that this was a typographical error and that defendants intended to plead under Labor Law § 198 (1-a).

compensatory and punitive damages, it was alleged that plaintiff had intentionally and maliciously induced Fackovec to enter into various agreements with plaintiff.

Plaintiff moved for a protective order with respect to defendants' notice of discovery and inspection insofar as it sought substantially all of plaintiff's books and records for a three-year period, 1986 through 1988. Plaintiff also separately moved to disqualify defendants' attorneys and to dismiss the counterclaims and certain of the affirmative defenses. In support of the motion to disqualify defendants' counsel, plaintiff submitted an affidavit by Martinez stating that Richard Agins, a partner in the law firm representing defendants, had represented him as a shareholder, director and officer of B & B, had been consulted on behalf of plaintiff and had represented him and members of his family personally. In response, Mr. Agins admitted representing Martinez and members of his family personally but denied representing plaintiff, even while acknowledging certain consultations in connection with plaintiff's lease at Grand Central Station and its corporate housekeeping. The IAS court consolidated the motions for disposition, denied the motion to disqualify defendants' counsel, dismissed certain of the affirmative defenses while denying dismissal with respect to others, said denial not being an issue on appeal, denied the motion to dismiss the counterclaims and granted only so much of a protective order as limited the production of tax returns, loan applications and employees' names and compensation. Since we agree with plaintiff's contention that the counterclaims are, in part, defectively pleaded, we modify to dismiss them to the extent they seek 25% of the outstanding shares of plaintiff's stock and to recover damages for a Labor Law violation.

A focal point of the counterclaims is an allegation of a promise by Martinez, the sole stockholder of plaintiff, to transfer 25% of the issued and outstanding shares of stock to Fackovec. Since it is Martinez, not plaintiff, who owns the shares of stock in plaintiff, and who, in his individual capacity as the sole shareholder of plaintiff, made the promise to Fackovec, the claim for 25% of plaintiff's stock is palpably insufficient as against plaintiff (see, Geddes v Rosen, 22 AD2d 394, 397, affd 16 NY2d 816) and should have been dismissed. Fackovec's remedy for the breach of that promise is against Martinez individually. Nor do we find any basis in this record for piercing the corporate veil to reach Martinez or, as suggested, for the assertion of a third-party claim against Martinez, since defendants fail to demonstrate how he would be

liable to them for the claims asserted against them by plaintiff. Martinez's alleged promise that Fackovec would receive a salary increase, however, is not similarly defective since it can be construed as a promise by Martinez, as agent, on behalf of plaintiff, his principal. Further, since Labor Law § 198 (1-a), under which defendants intended to plead, is premised upon an employer's willful failure to pay wages and does not apply to enforcement of a promise to increase a salary, the claims based on violation of the Labor Law should have been dismissed. The remaining claims asserted in the counterclaims are sufficiently pleaded and may stand.

The IAS court properly denied plaintiff's disqualification motion. As is clear from this record, Mr. Agins and his firm represented Martinez and various members of his family in matters totally unrelated to this action. That representation was limited to residential real estate transactions. There is no evidence that counsel ever represented either plaintiff or B & B. In fact, the individual shareholders of B & B never even entered into an agreement requiring the services of counsel. Nor is the testimony of any attorney in the law firm representing defendants material or necessary herein. In such circumstances, no basis for disqualification is shown. "Disqualification of a law firm during litigation implicates not only the ethics of the profession but also the substantive rights of the litigants." (See, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 443.) Since defendants' counsel never represented plaintiff in any capacity and defendants would be unduly prejudiced by the disqualification of their attorneys, the motion seeking such relief was properly denied.

Plaintiff also argues that a broad protective order is required with respect to the demand for the books and records, cash receipts, financial statements and invoices for the years 1986 through 1988 and the name and address of the former shareholder of plaintiff, together with any agreements between plaintiff, Martinez and the former shareholder. Notwithstanding plaintiff's arguments, it is clear to us that these documents are essential to the defense of plaintiff's claims of wrongful diversion of customers and the failure to pay for certain merchandise ordered, as well as to the prosecution of the counterclaims. Evidence which is material and necessary in the prosecution or defense of an action is subject to disclosure. (CPLR 3101.) "The words 'material and necessary' are to be interpreted liberally to require disclosure of any facts which will assist the good faith preparation for trial". (Johnson v National R. R. Passenger Corp., 83 AD2d 916.)

We modify accordingly. Concur—Sullivan, J. P., Milonas, Kassal, Wallach and Smith, JJ.

