■ AMERICAN AUTOMOBILE PLAN, INC., Appellant, v JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York, et al., Respondents. AMERICAN AUTOMOBILE PLAN, INC., Appellant, v JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York, et al., Respondents.— Judgment, denominated an order, of Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered June 6, 1989, which denied the petition to mandamus the Superintendent of Insurance to issue a declaratory ruling forthwith, and granted respondent's cross motion to dismiss the proceeding, and the order of the same court and Judge, entered on or about February 28, 1990, denying plaintiff's motion to compel the codefendant Acting General Counsel of the Insurance Department to divulge an opinion rendered to the Superintendent, with award of costs on the motion both unanimously affirmed, with costs and disbursements.

The Superintendent of Insurance had every right to request additional data from petitioner/plaintiff before issuing any ruling on whether the latter's proposed contract would constitute a contract of insurance under Insurance Law § 1101 (a) (1). The relevance of the additional data requested is a matter within the purview of the Department of Insurance, and the request herein does not in any way appear to have been unreasonable. Further, under State Administrative Procedure Act § 204 (1) (i), the issuance of a declaratory ruling is entirely within the discretion of the Superintendent of Insurance, without reference to any particular time frame, and petitioner/plaintiff was so informed.

The Acting General Counsel of the Department of Insurance was not required to divulge, during a deposition, any legal opinion he may have rendered to the Superintendent or his staff on the underlying question of whether the proposed contract constituted a contract of insurance. More than simply an expert witness, the Acting General Counsel was legal advisor to the Superintendent, and as such, this advice and opinion are protected under the attorney-client privilege. We find no abuse of discretion in the court's award of costs on the motion to compel disclosure. Concur—Murphy, P. J., Kupferman, Ross and Ellerin, JJ.