■ AIDA GURWICZ, Appellant, v ARNOLD L. GREENBERG et al., Respondents.—Order, Supreme Court, New York County

(Carmen Beauchamp Ciparick, J.), entered July 7, 1989, granting defendants' motion to strike the complaint pursuant to CPLR 3126, unanimously affirmed, without costs.

Appeal from order of the same court, entered September 22, 1989, which denied plaintiff's motion for reargument, is dismissed as nonappealable.

In this action for attorneys' malpractice, plaintiff's complaint was dismissed based upon her attorneys' failure to answer interrogatories. (CPLR 3126.) The record supports the IAS court's determination that plaintiff's attorneys frustrated defendants' ability to conduct discovery and flagrantly disobeyed a conditional order of dismissal entered on consent, which compelled her to answer defendants' interrogatories within 45 days of service of a copy of the order with notice of entry July 27, 1988. Instead, plaintiff's attorneys waited seven months after such service upon them and two months after the instant motion for dismissal was made before answering the interrogatories. We note that the order of discovery of July 27, 1988 had been entered "on consent" after plaintiff had failed to comply on three prior occasions with court-ordered discovery requests. Under these circumstances, dismissal of the complaint was proper due to plaintiff's willful and contumacious conduct. *(Zletz v Wetanson,* 67 NY2d 711, 713.)

Defendants' production of a properly executed affidavit of service, by mail, on plaintiff's counsel of the July 27, 1988 order with notice of entry created a presumption that a proper mailing occurred. *(Engel v Lichterman,* 62 NY2d 943.) A mere denial of receipt is insufficient to overcome the presumption that proper mailing occurred *(supra)*. Plaintiff's claim that the notarial signature on the affidavit of service was forged was rejected by its author and the secretary who personally mailed the order.

The motion denominated as one for leave to reargue and/or renew was properly treated as one for reargument as it was not supported by newly discovered evidence or upon facts not known to the moving party at the time of the original motion. *(Foley v Roche,* 68 AD2d 558, 567.) Concur—Carro, J. P., Rosenberger, Kassal, Ellerin and Wallach, JJ.