■ BORIS KOGAN, Appellant, v ROYAL INDEMNITY Co. et al., Respondents.

The plaintiff's employment by the defendant company commenced in 1980 and was subsequently terminated on September 23, 1985 ostensibly for poor performance. The plaintiff subsequently commenced this action in or about February 1986 seeking damages for, *inter alia,* breach of an implied contract of employment, and various tort claims relating to his dismissal.

CPLR 3104 provides for the appointment of a Referee to supervise all or part of disclosure proceedings upon motion or on the court's initiative. The decision to appoint a Referee is a matter within the discretion of the trial court and is especially appropriate where, as here, a party appearing pro se is hostile or otherwise frustrates discovery *(see, Lowitt v Burton I. Korelitz, M.D., P. C.,* 152 AD2d 506; *Capoccia v Brognano,* 126 AD2d 323, *appeal dismissed* 70 NY2d 742, 743). Plaintiff was given numerous opportunities to comply with discovery. A conditional order of dismissal was issued pursuant to CPLR 3126 and discovery was continued before the appointed Referee. However, the plaintiff continued to disregard the direc-

tions of the court and to frustrate the purposes of disclosure, thereby unduly delaying the action *(cf., Gurwicz v Greenberg,* 166 AD2d 303). Accordingly, the dismissal of the complaint was in all respects proper.

We have examined plaintiff's other arguments and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Ross and Smith, JJ.