■ JUDITH GONZALEZ, Individually and as Administratrix of the Estate of EFRAIM GONZALEZ, Deceased, Respondent, v FRED DEUTSCH Co., INC., et al., Appellants, et al., Defendants. (And a Third-Party Action.) [597 NYS2d 682] —Order, Supreme Court, New York County (Walter Schackman, J.), entered on or about April 9, 1992, which granted plaintiff's motion to strike defendants' 90-day notice, and, subject to permission to be obtained from City officials, directed defendants to lower the elevator in question to the second floor so as to allow inspection thereof by plaintiff, unanimously modified, on the law and in the exercise of discretion, and on consent given by plaintiff's counsel at oral argument, to permit inspection of the elevator on the fifteenth floor, and as so modified, affirmed, without costs.

It was sufficient reason in and of itself to strike defendants' 90-day notice that defendants moved for additional disclosure after such notice was served *(see, Gibson v D'Avanzo,* 99 AD2d 766). In any event, contrary to defendants' contention, plaintiff had not neglected prosecution of this action such as to warrant dismissal pursuant to CPLR 3216. Plaintiff also made a sufficient showing that she should be allowed an unfettered inspection of the elevator, and at oral argument plaintiff's counsel consented to inspecting the elevator on the fifteenth floor and the second floor entrance by ladder from below. Concur—Murphy, P. J., Sullivan, Carro and Kupferman, JJ.