■ JAMES MARKARIAN, Individually and as Administrator of the Estate of SONIA MARKARIAN, Deceased, Respondent, v M.L. HUNDERT, Appellant, et al., Defendants. [612 NYS2d 247] —In an action to recover damages for personal injuries and wrongful death based on medical malpractice, the defendant M.L. Hundert appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), dated September 14, 1992, as (1) denied his motion to dismiss the complaint, and (2) granted that branch of the plaintiff's cross motion which was to direct him to appear for a deposition.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that the deposition of the appellant shall be conducted with all convenient speed at a time and place set forth in a notice of not less than 10 days, to be given by the plaintiff to the appellant, or at such time and place as the parties may agree.

The procedural history of this case, from the time of the signing of the original preliminary conference order on January 8, 1987, until the vacatur of the appellant's first 90-day notice (CPLR 3216 [b] [3]) on June 18, 1990, is recited in the prior decision and order of this Court *(see, Markarian v Hundert,* 180 AD2d 780). Dr. Hundert has now served a second 90-day notice, even though he himself has not submitted to the deposition which was originally directed in the preliminary conference order dated January 8, 1987. More than 90 days following service of this second notice, the appellant made a motion to dismiss the complaint, and the plaintiff cross-moved to sanction the appellant for his "refusal" to appear for a deposition. In the order appealed from, the Supreme Court denied the motion to dismiss and directed the appellant to be deposed on October 21, 1992.

We see no abuse or improvident exercise of discretion in the determination denying the appellant's motion to dismiss the complaint. The plaintiff has fulfilled his disclosure obligations, and the appellant has not yet fulfilled his, or at least he had not fulfilled them at the time that his motion to dismiss was made. Considering that the appellant's second 90-day notice

was served prior to the completion of discovery *(see generally, Dick v Samaritan Hosp.,* 115 AD2d 917, 919; *Gibson v D'Avanzo,* 99 AD2d 766; *Argenti v Hospital for Special Surgery,* 95 AD2d 747), and considering that the plaintiff has submitted a sufficient affidavit of merit *(see, e.g., Ford v Empire Med. Group,* 123 AD2d 820), we conclude that the Supreme Court did not improvidently exercise its discretion in denying the appellant's motion to dismiss. However, we note that discovery should go forward with all convenient speed. Bracken, J. P., Miller, Joy and Altman, JJ., concur.