■ Chaya Magrabi, Respondent, v City of New York, Defendant, and Manhattan and Bronx Surface Transit Operating Authority et al., Appellants. [621 NYS2d 39] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered August 11, 1993, granting plaintiff's motion to strike the answer of defendants Manhattan and Bronx Surface Transit Operating Authority (MABSTOA) and the Transit Authority, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs or disbursements, and the motion denied and the answer reinstated on condition that said defendants pay plaintiff's counsel the sum of $500 within 60 days of the entry of this Court's order; in the event said condition is not complied with, the order is affirmed without costs or disbursements.

On February 4, 1989, plaintiff, then 64 years of age, was injured when, as he alleges, he slipped and fell into a hole in the roadway filled with water while exiting a bus on Third Avenue between 52nd and 53rd Streets. In late August of that year plaintiff, acting without the benefit of counsel, filed an untimely notice of claim, which was rejected by the Transit Authority and MABSTOA (defendants). Plaintiff thereafter retained counsel, who successfully moved for leave to serve a late notice of claim. On that motion, defendants denied any

" 'knowledge of the essential facts constituting the claim within the time specified in [General Municipal Law § 50-e] subdivision one or within a reasonable time thereafter.' " They also alleged that "[i]t was not until the instant motion * * * over ten (10) months after the alleged occurrence that [said defendants] learned of [the] claim." A statutory hearing pursuant to General Municipal Law § 50-h was held on May 16, 1990; a copy of the transcript of that hearing was never furnished to plaintiff or his counsel. Subsequent to the commencement of this action and in the course of pre-trial proceedings, plaintiff served upon defendants a notice for discovery and inspection, dated March 26, 1991, seeking, *inter alia,* any and all statements taken from plaintiff by defendants or their agents. In responding to the request for party statements defendants stated, "None other than the transcript of the statutory hearing of plaintiff, a copy of which has been previously provided." In response to a subsequent preliminary conference order, dated February 26, 1992, directing the parties to exchange opposing parties' statements, defendants referred to their earlier response to plaintiff's notice for discovery and inspection. On January 8, 1993, four years after the accident, at plaintiff's deposition, counsel for defendants, for the first time, produced a notice of claim filled out in plaintiff's own hand, presumably on August 28, 1989, before he retained counsel, and proceeded to examine him with respect to its contents.

Plaintiff thereafter moved for the imposition of sanctions against defendants, more specifically, the striking of their answer, based upon their failure to comply with the March 26, 1991 discovery notice and preliminary conference order of February 26, 1992. Plaintiff also cited defendants' blatantly false representation to the court in opposing plaintiff's request for late notice of claim relief. The IAS Court granted the motion and struck defendants' answer. We reverse.

In our view, the sanction imposed here was disproportionately harsh. Absent a non-compliance with a discovery request that is willful, contumacious, deliberate or in bad faith, the drastic remedy of striking an answer should not be imposed. *(See, Nudelman v New York City Tr. Auth.,* 172 AD2d 503.) We do not find that defendants' conduct rose to that level although it was sufficiently untoward to warrant the imposition of the monetary sanction provided for herein. Concur— Sullivan, J. P., Ellerin, Kupferman and Asch, JJ.