■ ANTHONY CANZONERI, Appellant, v WIGAND CORPORATION, Respondent, et al., Defendants. [624 NYS2d 930] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated October 14, 1993, as, upon reargument, adhered to its prior determination denying the plaintiff's motion to strike a 90-day notice and granting the cross motion of the defendant Wigand Corporation to dismiss the complaint pursuant to CPLR 3216.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is granted and the cross motion is denied.

The respondent served the plaintiff with a 90-day notice *(see,* CPLR 3216 [b] [3]), which the plaintiff moved to strike. The respondent cross-moved to dismiss the complaint for failure to prosecute. The court denied the plaintiff's motion and granted the respondent's cross motion to dismiss the complaint. We now reverse. The record demonstrates that the plaintiff did not abandon this action, in that he attempted, within the 90 days, to serve the note of issue, but the Clerk of the Supreme Court, Kings County, refused to accept it, because the defendants had not stipulated that discovery had been completed. Moreover, the 90-day notice served by the respondent conditioned the filing of a note of issue upon the completion of discovery and was, therefore, insufficient to serve as a basis for its motion to dismiss *(see, Markarian v Hundert,* 204 AD2d 697). Bracken, J. P., Rosenblatt, Lawrence, Krausman and Goldstein, JJ., concur.