■ ALEVETA F. LITTLE et al., Appellants, v LONG ISLAND JEW-ISH MEDICAL CENTER et al., Respondents. [647 NYS2d 258] —In an action to recover damages for personal injuries and wrongful death, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Satterfield, J.), dated June 16, 1995, which vacated stays of 90-day notices served by the defendants Boro Medical, P. C., Steve Rucker, and Vinayendra Jain pursuant to CPLR 3216, denied the plaintiffs' motion to vacate the 90-day notices, and granted the cross motion of the defendant Vinayendra Jain, in which the defendants Boro Medical, P. C., and Steve Rucker joined, to dismiss the action pursuant to CPLR 3126 (3) for failure to comply with a prelim-inary conference order, and (2) a judgment of the same court, entered June 26, 1995, which dismissed the action.

Ordered that the appeal from the order dated June 16, 1995, is dismissed; and it is further,

Ordered that the judgment is reversed, as a matter of discre-tion, with one bill of costs, the order is vacated, the motion is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Queens County, (1) to determine whether there is a good-faith basis for demands for authoriza-tions to obtain medical records from Northern Westchester Hospital, M. Levine, Dr. Waxelman, and Dr. Pollack, and to direct the plaintiffs to serve those medical authorizations which have a good-faith basis, (2) to determine whether any additional documents are required to obtain income information, and to direct the plaintiffs to serve any documents which are required, and (3) to set a new schedule for depositions; and it is further,

Ordered that the plaintiffs are precluded from seeking any special damages not set forth in their bill of particulars dated May 18, 1993.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In December 1994 the defendants Vinayendra Jain, Boro Medical, P. C., and Steve Rucker each served the plaintiffs with 90-day notices pursuant to CPLR 3216. In January 1995 the plaintiffs obtained a temporary stay of the 90-day notices, and moved to vacate them, on the ground that the defendants had not yet agreed on a date certain for depositions.

The defendant Dr. Jain cross-moved pursuant to CPLR 3126 (3) to dismiss the action for the plaintiffs' failure to comply

with the terms of a preliminary conference order which directed the plaintiffs to serve a supplemental bill of particulars with respect to special damages, failure to serve all of the authorizations for medical records enumerated in the preliminary conference order, and failure to provide adequate authorizations to obtain income and employment information with respect to the plaintiffs' decedent. Dr. Jain further alleged that owing to those failures, depositions could not be scheduled. The defendants Boro Medical, P. C., and Steve Rucker joined in the cross motion.

The plaintiffs, in opposition, claimed that the original bill of particulars dated May 18, 1993, claiming special damages of $3,713 for hospital costs, was adequate, and contained "all information within [the plaintiffs'] possession at the present time". The plaintiffs further claimed that they had provided authorizations to obtain medical records from all of the medical providers known to them, but had failed to provide authorizations for "Northern Westchester Hospital, M. Levine, Dr. Waxelman and Dr. Pollack" because they never heard of those names. The plaintiffs further stated that they had provided "appropriate authorizations and documentation" to obtain income information. The plaintiffs failed to submit an affidavit of merit from a qualified medical expert (see, Pantaliano v Goodman, 214 AD2d 607).

The court denied the motion, and granted the cross motion, on the ground that the plaintiffs "failed to conduct discovery and to advise the court of any specifics regarding the status of discovery".

During the pendency of the 90-day period in a notice pursuant to CPLR 3216, a court cannot entertain a motion to dismiss for "general delay in prosecuting the action" (Weber v Kessler, 224 AD2d 520, 521), but can entertain a motion to dismiss pursuant to CPLR 3126 (3) (see, Canosa v Abadir, 221 AD2d 579). However, dismissal pursuant to CPLR 3126 (3) should not be granted unless the lack of compliance with a preliminary conference order was "willfull, contumacious, deliberate or in bad faith" (Magrabi v City of New York, 211 AD2d 422, 423; see, Van Inwegen v Lucia, 192 AD2d 834; Hocevar v Honig Indus. Diamond Wheel, 172 AD2d 588; Bermudez v Laminates Unlimited, 134 AD2d 314, 315). Further, a party opposing a motion to dismiss pursuant to CPLR 3126 (3) is not required to submit an affidavit of merit (see, Porreco v Selway, 225 AD2d 752).

In the instant case, it cannot be said that the conduct of the plaintiffs was willful, contumacious, deliberate or in bad faith.

The defendants do not dispute that the plaintiffs provided authorizations to obtain income information, and some authorizations to obtain medical records.

Further, it would have been improper to dismiss the action pursuant to CPLR 3216, because the 90-day notices had been temporarily stayed, and the plaintiffs timely moved to vacate them. An affidavit of merit is not required where such a motion is made prior to the expiration of the 90-day period (*see, Carte v Segall,* 134 AD2d 397). Since the defendants were still seeking disclosure, it would have been inappropriate to place the action on the trial calendar (*see, Markarian v Hundert,* 204 AD2d 697; *Gibson v D'Avanzo,* 99 AD2d 766). Accordingly, the 90-day notices are vacated (*see, Gonzalez v Deutsch Co.,* 193 AD2d 449).

Since discovery should be limited to material which would "assist the good faith preparation for trial" (*Johnson v National R. R. Passenger Corp.,* 83 AD2d 916; *see, Flower Cart v Fackovec,* 163 AD2d 184), we remit the matter to the Supreme Court, Queens County, for a determination as to whether there is a good-faith basis to demand authorizations to obtain medical records from Northern Westchester Hospital, M. Levine, Dr. Waxelman, and Dr. Pollack. Further, the Supreme Court shall determine whether any additional documents are required to obtain income and employment information. If additional documents are required, the Supreme Court shall direct the plaintiffs to provide those documents. The Supreme Court shall also set a new schedule for depositions.

The plaintiffs contend that their original bill of particulars dated May 18, 1993, adequately sets forth all special damages presently known to them. We find that they have had sufficient time to ascertain their own special damages. Thus, they are precluded from seeking any additional special damages. Bracken, J. P., Santucci, McGinity and Luciano, JJ., concur.