■ DANIEL McCRACKEN et al., Respondents, v NITTO KOHKI USA, INC., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [706 NYS2d 348] —In an action to recover damages for personal injuries, etc., the defendants Nitto Kohki USA, Inc., and Nitto Kohki Co., Ltd., appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated June 11, 1999, which denied their motion pursuant to CPLR 3126 (3) to dismiss the complaint insofar as asserted against them for failure to comply with a preliminary conference order, and pursuant to CPLR 3216 for failure to resume prosecution.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the appellants' motion pursuant to CPLR 3126 (3) to dismiss the complaint insofar as asserted against them. The appellants failed to establish that the conduct of the injured plaintiff in delaying a physical examination by their physician was willful, contumacious, deliberate, or in bad faith (*see, Little v Long Is. Jewish Med. Ctr.*, 231 AD2d 496; *Magrabi v City of New York*, 211 AD2d 422, 423). Upon receiving the 90-day notice, the injured plaintiff made a good faith effort to comply with the preliminary conference order. Thereafter, the injured plaintiff timely filed a note of issue.

Since the appellants were still seeking disclosure, it would have been inappropriate to place the action on the trial calendar (*see, Scoglio v Scoglio*, 253 AD2d 520; *Little v Long Is. Jewish Med. Ctr.*, 231 AD2d 496, *supra*; *DeSimone v DiMaria*, 216 AD2d 437; *Canzoneri v Wigand Corp.*, 213 AD2d 579; *Markarian v Hundert*, 204 AD2d 697), and the plaintiffs' conduct did not warrant dismissal pursuant to CPLR 3216 (*see, Gonzalez v Deutsch Co.*, 193 AD2d 449). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.