■ Cy Farms, Respondent, v New York State Electric & Gas Corporation, Appellant. [732 NYS2d 205] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted plaintiff's motion seeking discovery of defendant's records concerning prior and subsequent claims for damages arising from defendant's exercise of easement rights and seeking further depositions of defendant's employees with knowledge of such claims. Such discovery is material to the interpretation by defendant of its contractual obligations and thus probative of the ultimate issue of contract interpretation to be determined by the court (*see, Nationwide Mut. Ins. Co. v Erie & Niagara Ins. Assn.,* 249 AD2d 898, 899). "'There is no surer way to find out what [defendant] meant, than to see what [it has] done'" (*Town of Pelham v City of Mount Vernon,* 304 NY 15, 23, *rearg denied* 304 NY 594). We reject the contention that defendant would be unduly burdened by the discovery order (*see, Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs.,* 253 AD2d 8, 16; *Curtis Props. Corp. v Greif Cos.,* 236 AD2d 237, 239). The court did not abuse its discretion in ordering defendant to pay $100 in motion costs (*see, Greenspan v Rockefeller Ctr. Mgt. Corp.,* 268 AD2d 236, 237; *American Auto. Plan v Corcoran,* 166 AD2d 215; *cf., Wilson v Leite,* 43 AD2d 736). (Appeal from Order of Supreme Court, Genesee County, Rath, Jr., J.—Discovery.) Present—Pine, J. P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.