█ GENEVA A. KOSH, Appellant, v BRUCE J. NAUGHTON, M.D., et al., Respondents, et al., Defendant. [844 NYS2d 811]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered February 1, 2006 in a medical malpractice action. The order dismissed the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs and the complaint is reinstated.

Memorandum: Plaintiff commenced this medical malpractice action to recover damages for injuries she sustained because of the long-term placement of a metal tracheotomy tube in her throat. Defendants-respondents (defendants) each filed demands for, inter alia, a bill of particulars and medical authorizations and, at a subsequent pretrial conference, Supreme Court directed plaintiff to comply with the demands for a bill of particulars by October 28, 2005. The bills of particulars mailed to defendants on that date contained incomplete information, i.e., several of the responses indicated that the information was unknown at that time or that more detailed information would be forthcoming following discovery. By order dated December 20, 2005, the court directed plaintiff, inter alia, to answer all of the questions in the demands "in a substantially complete manner" by January 24, 2006. The order further provided that, in the event that plaintiff failed to comply with the outstanding discovery demands, the complaint would be dismissed "with prejudice and on the merits." Although the second bill of particulars mailed to each defendant included more detailed information, some questions remained unanswered. At a court appearance on January 24, 2006, the court noted on the record the absence of plaintiff's counsel and then conducted an off-the-record discussion with the attorneys for defendants. Following that discussion, the court stated on the record that, inter alia, the second bill of particulars was not substantially complete, as previously ordered. The court dismissed the complaint "as to all defendants with prejudice and on the merits, for plaintiff's failure to fully and properly, in a substantially complete manner, respond to the outstanding discovery demands and the outstand-

ing demand for a verified bill of particulars in accordance with this Court's prior Order." We conclude on the record before us that the court erred in dismissing the complaint inasmuch as it does not appear that plaintiff's failure to comply with the prior discovery order was "willful, contumacious, deliberate or in bad faith" (*Magrabi v City of New York*, 211 AD2d 422, 423 [1995]; *see* CPLR 3042 [c], [d]; 3126 [3]; *see also Charter One Bank v Houston*, 300 AD2d 429, 430 [2002], *lv dismissed* 99 NY2d 651 [2003]).

All concur, Lunn, J., not participating. Present—Scudder, P.J., Gorski, Lunn, Peradotto and Green, JJ.