Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered September 28, 2007 in a personal injury action. The order denied the motion of defendant Mary E. Dow for summary judgment dismissing the complaint against her.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when her vehicle was rear-ended while stopped at a red light. Mary E. Dow (defendant) contends *1289 that Supreme Court erred in denying her motion for summary judgment dismissing the complaint against her because plaintiff failed to specify in her bill of particulars the particular category of serious injury that she allegedly sustained (see Insurance Law § 5102 [d]). We reject that contention. “[T]he drastic remedy of striking a pleading is not appropriate absent a clear showing that the failure to comply with discovery demands was willful or contumacious” (Anonymous v Duane Reade, Inc., 49 AD3d 479, 480 [2008]) and, here, defendant failed to make that showing (see Kosh v Naughton, 45 AD3d 1324 [2007]; Randazzo v Our Lady of Mercy Med. Ctr., 284 AD2d 158 [2001]). The remedy for a plaintiffs failure to comply with a demand for a bill of particulars is a motion to compel compliance (see CPLR 3042 [c]; Randazzo, 284 AD2d 158 [2001]), and it does not appear on the record before us that defendant made such a motion (see Randazzo, 284 AD2d 158 [2001]). To the extent that defendant’s motion may be construed to contend that defendant is entitled to summary judgment because plaintiff did not in fact sustain a serious injury, we reject that contention. Even assuming, arguendo, that defendant established her entitlement to judgment as a matter of law, we conclude that plaintiff raised a triable issue of fact sufficient to defeat the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Present— Scudder, P.J., Martoche, Centra, Lunn and Gorski, JJ.