# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1394**
**CA 13-01595**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

KENNETH M. SCHLAU, JR., PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CITY OF BUFFALO, BUFFALO URBAN RENEWAL AGENCY,
WESTERN NEW YORK ARENA, LLC, HSBC ARENA, ADT
SECURITY SERVICES, INC. (ADT),
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.
(APPEAL NO. 1.)

---

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, NEW YORK CITY (GREGORY
J. DELL OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

PAUL WILLIAM BELTZ, P.C., BUFFALO (DEBRA A. NORTON OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 10, 2013. The order, among other things, vacated the CPLR 3216 (b) (3) notice filed by defendants City of Buffalo, Buffalo Urban Renewal Agency, Western New York Arena, LLC, HSBC Arena and ADT Security Services, Inc. (ADT).

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when he touched the handle of an electronically secured door at HSBC Arena and sustained an electric shock. These consolidated appeals concern discovery disputes that have arisen between plaintiff and certain defendants.

In appeal No. 1, defendants City of Buffalo, Buffalo Urban Renewal Agency, Western New York Arena, LLC, HSBC Arena, and ADT Security Services, Inc. (ADT) (collectively, Arena defendants) appeal from an order that, inter alia, granted plaintiff's motion to vacate their CPLR 3216 (b) (3) notice, permitted discovery to continue beyond the 90-day period set forth in the notice, and denied their cross motion seeking a scheduling order. "Supreme Court is vested with broad discretion in supervising disclosure" (*Blumenthal v Tops Friendly Mkts.*, 182 AD2d 1105, 1106), and we conclude that it did not abuse its discretion in granting plaintiff's motion to vacate the CPLR 3216 (b) (3) notice. Discovery was not complete, and the Arena defendants continued to seek disclosure after serving the notice,

which "was sufficient reason in and of itself to" vacate the notice (*Gonzalez v Deutsch Co.*, 193 AD2d 449, 449; *see Little v Long Is. Jewish Med. Ctr.*, 231 AD2d 496, 498). In addition, the court acted within its discretion in scheduling its calendar and setting timetables for discovery when it denied the Arena defendants' cross motion for a scheduling order (*see Matter of Rattner v Planning Commn. of Vil. of Pleasantville*, 156 AD2d 521, 528, *appeal dismissed* 75 NY2d 897). The court also properly exercised its discretion in awarding costs on the motion to plaintiff (*see Greenspan v Rockefeller Ctr. Mgt. Corp.*, 268 AD2d 236, 237; *American Auto. Plan v Corcoran*, 166 AD2d 215, 215).

Contrary to the contention of the Arena defendants in appeal No. 2, we conclude that the court properly denied their motion seeking to limit further disclosure or, alternatively, the appointment of a referee to supervise further disclosure (*see Kogan v Royal Indem. Co.*, 179 AD2d 399, 399). We note that the court was without authority to appoint as a referee the private attorney proposed by the Arena defendants absent plaintiff's consent (*see Ploski v Riverwood Owners Corp.*, 255 AD2d 24, 28).

We agree with the Arena defendants and defendant U. & S. Services, Inc. (U. & S.) in appeal No. 3, however, that the court erred in denying in their entirety their respective motions seeking complete disclosure of plaintiff's unredacted medical records. Plaintiff waived the physician-patient privilege by affirmatively placing his medical and psychological condition in controversy, and he has disclosed all of his postaccident medical records (*see Goetchius v Spavento*, 84 AD3d 1712, 1713). With respect to plaintiff's preaccident medical records, the waiver of the physician-patient privilege extends to the same body parts or conditions that are at issue in the action (*see Geraci v National Fuel Gas Distrib. Corp.*, 255 AD2d 945, 946), but not to " 'information involving unrelated illnesses and treatments' " (*Carter v Fantauzzo*, 256 AD2d 1189, 1190). Upon our review of the disputed medical records, we conclude that the court properly denied the motions insofar as they sought to compel production of plaintiff's hospital and pediatric medical records dated on or before March 19, 1997, inasmuch as those records, in the context of the action herein, are not material and necessary to the defense (*see Chervin v Macura*, 28 AD3d 600, 601), nor are they reasonably likely to lead to relevant evidence (*see DeStrange v Lind*, 277 AD2d 344, 345). We further conclude, however, that given plaintiff's broad allegations of injury, disability, and loss of enjoyment of life, the court abused its discretion in denying the motions of the Arena defendants and U. & S. with respect to plaintiff's hospital and pediatric medical records dated on or after March 20, 1997 (*see Boyea v Benz*, 96 AD3d 1558, 1560). We therefore modify the order in appeal No. 3 accordingly.

We dismiss the appeals from the order in appeal No. 4. The motions of the Arena defendants and U. & S., although denominated motions seeking leave to renew and to reargue, sought leave to reargue only, and the court's order denying those motions is not appealable (*see D&A Constr., Inc. v New York City Hous. Auth.*, 105 AD3d 464, 465;

*Coccia v Liotti*, 70 AD3d 747, 759, *lv dismissed* 15 NY3d 767).

We also dismiss the appeals from the order in appeal No. 5.  The Arena defendants challenge only that part of the order reserving decision on plaintiff's request for sanctions, and that part of the order is not appealable (*see Matter of Trader v State of New York*, 277 AD2d 978, 978).  U. & S. challenges the order only insofar as it directs U. & S. to submit an affirmation concerning the medical records in its possession.  U. & S. has complied with that directive, thus rendering its appeal moot (*see Lombardo v New York Univ. Med. Ctr.*, 232 AD2d 459, 460).

Entered:  February 13, 2015                          Frances E. Cafarell
                                                     Clerk of the Court