Castro v Admar Supply Co., Inc. (2018 NY Slip Op 02113)





Castro v Admar Supply Co., Inc.


2018 NY Slip Op 02113


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.


1554 CA 17-00170

[*1]RALFAEL CASTRO, PLAINTIFF-RESPONDENT,
v
ADMAR SUPPLY COMPANY, INC., DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (WILLIAM K. KENNEDY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BERGEN & SCHIFFMACHER, LLP, BUFFALO (JOSEPH R. BERGEN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered November 30, 2016. The order, among other things, denied in part defendant's motion to, among other things, compel plaintiff to provide authorizations for certain records. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion to the extent that plaintiff is directed to submit to Supreme Court, for the five years preceding the accident, medical and pharmacy records related to the body parts allegedly injured in the accident, including any treatment for head or brain injuries; educational records relating to learning, attention, or cognitive difficulties; and medical or treatment records relating to drug and/or alcohol abuse and mental health, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when he was struck by defendant's aerial lift while he and defendant's former employee were moving the lift. In his bill of particulars, plaintiff alleged that he suffered injuries to his head, neck, back, shoulders, hands, right arm, right knee, and left leg, and he stated that he sought damages for "pain and suffering, past, present, and future; permanency of his injuries and conditions, loss of enjoyment of life and loss of earnings." In appeal No. 1, defendant appeals from an order that denied its motion for a protective order. In appeal No. 2, defendant appeals from an order that, inter alia, denied those parts of its subsequent motion (second motion) seeking to compel plaintiff to provide authorizations for certain records, and to dismiss the complaint or suppress the deposition testimony of defendant's former employee on the ground that plaintiff violated a prior discovery order by deposing the former employee prior to defendant's deposition of plaintiff.
We reject defendant's contention in appeal No. 1 that Supreme Court erred in denying that part of its motion for a protective order preventing plaintiff's counsel from speaking with defendant's former employee outside of his deposition on the ground that such communication would violate the attorney-client privilege. "It is well settled that the court is invested with broad discretion to supervise discovery . . . , and only a clear abuse of discretion will prompt appellate action" (Mosey v County of Erie, 148 AD3d 1572, 1573 [4th Dept 2017] [internal quotation marks omitted]; see Hann v Black, 96 AD3d 1503, 1504 [4th Dept 2012]). Where, as here, a party seeks a protective order under the attorney-client privilege, "the burden of establishing any right to protection is on the party asserting it" (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377 [1991]; see generally Cascardo v Cascardo, 136 AD3d 729, 730 [2d Dept 2016]), and we conclude that the court did not abuse its discretion in denying defendant's motion. Even assuming, arguendo, that the attorney-client privilege extends to communications between counsel for a corporation and a former employee of that corporation, we conclude that the boilerplate claims of privilege asserted in defendant's moving papers were insufficient to establish the existence of confidential communications between counsel and the former employee [*2]for the purpose of rendering or facilitating the rendition of legal advice or services (see Matter of Priest v Hennessy, 51 NY2d 62, 68-69 [1980]; see also Nicastro v New York Cent. Mut. Fire Ins. Co., 117 AD3d 1545, 1546 [4th Dept 2014], lv dismissed 24 NY3d 998 [2014]).
We reject defendant's further contention in appeal No. 1 that the court erred in denying that part of its motion for a protective order preventing plaintiff's counsel from deposing defendant's former employee before defendant deposed plaintiff. As a general rule, a defendant has priority of depositions where notice of the deposition of a party is served before the time to answer has expired (see Serio v Rhulen, 29 AD3d 1195, 1196 [3d Dept 2006]; see also CPLR 3106 [a], [b]). The "examination of a former employee of a party[, however,] is not examination of that party through the former employee" (McGowan v Eastman, 271 NY 195, 198 [1936]). Inasmuch as defendant's former employee is not a party, defendant does not have priority of depositions with respect to the former employee, and thus the court did not err in denying defendant's motion for a protective order preventing plaintiff's counsel from deposing defendant's former employee before defendant deposed plaintiff. For the same reason, contrary to defendant's contention in appeal No. 2, the court did not err in denying that part of the second motion seeking to dismiss the complaint or preclude the deposition of defendant's former employee on the ground that plaintiff improperly deposed the former employee before defendant deposed plaintiff.
Defendant further contends in appeal No. 2 that the court erred in denying that part of its second motion seeking to compel plaintiff to provide unrestricted authorizations for his preaccident medical records, drug and alcohol treatment and mental health treatment records, pharmaceutical records, and employment and school records. Contrary to defendant's contention, the allegations in plaintiff's bill of particulars are not so broad " that they place plaintiff's entire medical history in controversy' " (Reading v Fabiano [appeal No. 2], 126 AD3d 1523, 1524 [4th Dept 2015]; see Schlau v City of Buffalo, 125 AD3d 1546, 1547-1548 [4th Dept 2015]; Tabone v Lee, 59 AD3d 1021, 1022 [4th Dept 2009]). Plaintiff, in commencing a personal injury action, waived "the physician/patient privilege only with respect to the physical and mental conditions [that he] affirmatively placed in controversy" (Mayer v Cusyck, 284 AD2d 937, 937 [4th Dept 2001]), and not with respect "to information involving unrelated illnesses and treatments" (Schlau, 125 AD3d at 1548 [internal quotation marks omitted]).
We agree with defendant, however, that plaintiff's preaccident medical and pharmacy records, insofar as they relate to the body parts and conditions at issue in the action, may contain relevant information about preexisting conditions and thus may be material and necessary in defense of the action (see Boyea v Benz, 96 AD3d 1558, 1560 [4th Dept 2012]; Rothstein v Huh, 60 AD3d 839, 839-840 [2d Dept 2009]). We further agree with defendant that plaintiff affirmatively placed his mental health and cognitive condition in issue by alleging in his bill of particulars that, as a result of the accident, he suffered from "concussion and post-concussion syndrome," "sleep disorder," and "cognitive communication deficit," and by providing an affirmative answer when asked whether he had any cognitive difficulties before the concussion that resulted from the accident (see Rothstein, 60 AD3d at 839-840). Thus, we conclude that plaintiff's medical and pharmacy records, including records for mental health and drug and alcohol treatment, are material and necessary in defense of the action, and are therefore discoverable. Disclosure, however, shall be limited to those records for the five years preceding the accident, and the records "should not be released to defendant[] until the court has conducted an in camera review thereof, so that irrelevant information is redacted" (Nichter v Erie County Med. Ctr. Corp., 93 AD3d 1337, 1338 [4th Dept 2012]; see Donald v Ahern, 96 AD3d 1608, 1610-1611 [4th Dept 2012]). We therefore modify the order in appeal No. 2 accordingly, and we remit the matter to Supreme Court for an in camera review of the records.
Finally, we have considered defendant's remaining contention, and we conclude that defendant failed to make the requisite showing that plaintiff's school and employment records contain information that is relevant and material to the injuries in question, or that those records "may contain information reasonably calculated to lead to relevant evidence" (Bozek v Derkatz, 55 AD3d 1311, 1312 [4th Dept 2008] [internal quotation marks omitted]; see Helmer v Draksic, 38 AD3d 1297, 1298 [4th Dept 2007]; see also CPLR 3101 [a]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court