■ ALBERT CARTER, Appellant, v CARL FANTAUZZO et al., Respondents. [684 NYS2d 384] —Order unanimously modified on the law and as modified affirmed without costs and matter

remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court abused its discretion in granting defendants' motion and cross motions to compel plaintiff to disclose all his State and Federal income tax returns. Although defendants may be entitled to discovery of the tax returns of plaintiff, who is self-employed and seeks damages for loss of earnings (*see, Scholte v Agway, Inc.,* 152 AD2d 928, 929; *see also, Lane v D'Angelos,* 108 AD2d 727; *Berger v Fete Cab Corp.,* 57 AD2d 784), the court should have afforded plaintiff an in camera review of the tax returns in question to determine whether full disclosure is required and to minimize the intrusion into plaintiff's privacy (*see, ICC Chem. Corp. v Klein,* 243 AD2d 402, 403).

The court further abused its discretion in compelling plaintiff to provide authorizations for medical records that "will allow defendants to obtain any and all medical records from the beginning of time to the present date concerning plaintiff's physical, emotion [*sic*], psychiatric and mental conditions". A plaintiff who commences a personal injury action has waived the physician-patient privilege to the extent that his physical or mental condition is affirmatively placed in controversy (*see, Cynthia B. v New Rochelle Hosp. Med. Ctr.,* 60 NY2d 452, 456-457; *McGuane v M.C.A., Inc.,* 182 AD2d 1081, 1082). That waiver, however, "does not permit wholesale discovery of information regarding the protected party's physical and mental condition. The waiver of the physician-patient privilege made by a party who affirmatively asserts a physical condition in its pleading does not permit discovery of information involving unrelated illnesses and treatments" (*Iseman v Delmar Medical-Dental Bldg.,* 113 AD2d 276, 279). Here, although defendants are entitled to plaintiff's medical records concerning prior related illnesses and treatments, the court, in compelling the production of all records "from the beginning of time", abused its discretion (*see, Sgambellone v Wheatley,* 165 Misc 2d 954, 957-958).

We therefore modify the order by vacating the first and second ordering paragraphs, and we remit the matter to Supreme Court to review plaintiff's medical records to determine whether any of the records are material and related to physical or mental conditions that plaintiff has placed in controversy and, in order to protect plaintiff's privacy as much as possible, to redact any portions of the records or tax returns that are irrelevant or unduly prejudicial. The services of a Referee may be utilized for that purpose (*see, Cynthia B. v New Rochelle Hosp. Med. Ctr., supra,* at 456). (Appeal from Order of

Supreme Court, Monroe County, Bergin, J.—Discovery.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.