CARMEN P. TARANTINO, ESQ., et al., Respondents-Appellants, v JOHN KANE et al., Appellants-Respondents. [769 NYS2d 429]—

Appeals and cross appeal from an order of Supreme Court, Erie County (Notaro, J.), entered October 1, 2002, which, inter alia, granted in part plaintiffs' motion to compel discovery.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating that part of the fourth ordering paragraph denying that part of the motion of defendants John Kane and Kaleida Health seeking to compel production of plaintiffs' tax returns and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Supreme Court erred in denying that part of the motion of defendants John Kane and Kaleida Health seeking to compel production of plaintiffs' tax returns without reviewing those tax returns in camera. An in camera review is required in order to determine whether the records contain information relevant to the claim of plaintiffs that they sustained pecuniary damage because Kaleida Health transferred nine cases from plaintiff law firm to other law firms (see Carter v Fantauzzo, 256 AD2d 1189, 1190 [1998]). We therefore modify the order accordingly, and we remit the matter to Supreme Court, Erie County, to determine that part of the motion of those defendants following an in camera review of the tax returns at issue.

We note that the court erred in determining in its written decision that plaintiffs properly alleged lost revenues as the measure of damages in this action alleging slander, intentional

inducement of breach of contract and prima facie tort. Rather, plaintiffs' pecuniary damage is measured by the loss of profits that plaintiffs would have earned on the nine cases transferred to other law firms, i.e., the loss of revenues from those cases less any expenses that plaintiffs would have incurred with respect to them (*see generally McRoberts Protective Agency v Lansdell Protective Agency*, 61 AD2d 652, 655-656 [1978]).

We reject the contention of defendants Mary J. Murray, Esq. and Roach, Brown, McCarthy & Gruber, P.C. that the court erred in denying that part of their motion seeking leave to serve an amended answer alleging as an affirmative defense that plaintiff Carmen P. Tarantino, Esq. is defamation-proof. Those defendants failed to establish that the proposed affirmative defense has any merit (*see generally Curran v Auto Lab Serv. Ctr.*, 280 AD2d 636, 637 [2001]). Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Lawton, JJ.