■ AMBER GROMOLL, Respondent, v JACK G. BERTOLINO, M.D., Appellant. [772 NYS2d 154]—

Appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered November 6, 2002. The order granted plaintiff's motion for a protective order and denied defendant's cross motion to compel further deposition testimony.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the cross motion is granted.

Memorandum: Defendant appeals from an order granting plaintiff's motion for a protective order limiting discovery regarding psychological matters that plaintiff contends are not related to the injuries alleged in the complaint and denying defendant's cross motion to compel further deposition testimony regarding plaintiff's psychological treatment. We agree with defendant that Supreme Court erred in limiting such discovery.

"Pursuant to CPLR 3101 (a), '[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof' " (*Matter of New York County DES Litig.*, 171 AD2d 119, 122-123 [1991]). " 'The test under CPLR 3101 (subd [a]) is whether the discovery sought is evidence "material and necessary"; it is one of relevancy or of usefulness and reason' " (*Anderson v Niagara Mohawk Power Corp.*, 161 AD2d 1141, 1141-1142 [1990], quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]).

Here, plaintiff seeks recovery for defendant's alleged malpractice in failing to diagnose her gallbladder disease. It is undisputed that defendant referred plaintiff to a psychologist pursuant to his diagnosis of stress, a diagnosis that plaintiff maintains was incorrect. Plaintiff lists the psychologist as one of her treating medical care providers in her bill of particulars and provided the psychologist's records to defendant. Therefore, the psychologist's care and treatment of plaintiff is relevant to this action and she may not insulate questions relating thereto from disclosure (*see Hoenig v Westphal,* 52 NY2d 605, 610 [1981]; *Davidson v Steer/Peanut Gallery,* 277 AD2d 965, 966 [2000]). Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.