■ DARLEEN A. BOZEK, Appellant, v DANUTA T. DERKATZ, M.D., et al., Respondents. [865 NYS2d 163]—

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered May 24, 2007 in a medical malpractice action. The order granted defendants' motion to compel plaintiff to provide defendants with various HIPAA compliant authorizations.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the motion is denied without prejudice.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained as a result of defendants' allegedly negligent prescription of a certain drug, despite defendants' knowledge that plaintiff had a history of, inter alia, gastric ulcers. Plaintiff alleged in her bill of particulars that her injuries included a perforated gastric ulcer, the effects of which resulted in, inter alia, loss of enjoyment of life and pain and suffering. Before any depositions were conducted, defendants moved to compel plaintiff to provide 18 authorizations for records from

various providers, including physicians and mental health providers. Alternatively, defendants sought an order of preclusion. Plaintiff asserted in opposition to the motion that she had never sought treatment from seven of the providers, and that the remaining 11 providers had treated her for injuries and conditions unrelated to the injuries at issue in this action. We agree with plaintiff that Supreme Court abused its discretion in granting defendants' motion to compel plaintiff to provide the authorizations (*see MS Partnership v Wal-Mart Stores,* 273 AD2d 858 [2000]).

It is well settled that, although "[a] plaintiff who commences a personal injury action has waived the physician-patient privilege to the extent that his physical or mental condition is affirmatively placed in controversy" (*Carter v Fantauzzo,* 256 AD2d 1189, 1190 [1998]; *see Mayer v Cusyck,* 284 AD2d 937, 938 [2001]), the waiver of that privilege " 'does not permit discovery of information involving unrelated illnesses and treatments' " (*Carter,* 256 AD2d at 1190). "The determinative factor is whether the records sought to be discovered are 'material and necessary' in defense of the action" (*Wachtman v Trocaire Coll.,* 143 AD2d 527, 528 [1988], quoting *Cynthia B. v New Rochelle Hosp. Med. Ctr.,* 60 NY2d 452, 457 [1983]; *see* CPLR 3101 [a]), or whether the records "may contain information reasonably calculated to lead to relevant evidence" (*Zydel v Manges,* 83 AD2d 987 [1981]). Here, as plaintiff correctly contends, defendants failed to establish that the records sought "related to any physical or mental conditions affirmatively placed in controversy by" plaintiff in this action against defendants (*Mayer v Cusyck,* 284 AD2d 937, 938 [2001]). Present—Scudder, P.J., Centra, Fahey, Peradotto and Green, JJ.