SAMUEL L. TABONE et al., Appellants, v KEUN Y. LEE, M.D., et al., Respondents. [873 NYS2d 401]—

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered January 18, 2008 in a medical malpractice action. The order, insofar as appealed from, granted the motion of defendants Keun Y. Lee, M.D. and Buffalo Otolaryngology Group, P.C. and the cross motion of defendant Kaleida Health, doing business as Millard Fillmore Gates Hospital, and directed plaintiff Samuel L. Tabone to provide medical authorizations in compliance with the Health Insurance Portability and Accountability Act of 1996 with no date restrictions.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, plaintiff Samuel L. Tabone is directed to provide current time-restricted authorizations for the medical providers in question and, with respect to any such medical provider from whom he received treatment at a different time than that specified in the authorization, plaintiff Samuel L. Tabone is further directed to submit the records of such treatment to Supreme Court, and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum:

Plaintiffs commenced this medical malpractice action seeking damages based on the alleged failure of defendants Keun Y. Lee, M.D. and Buffalo Otolaryngology Group, P.C. (Lee defendants) and Kaleida Health, doing business as Millard Fillmore Gates Hospital (Kaleida), to diagnose Samuel L. Tabone (plaintiff) with throat cancer in the course of their care and treatment of him. In response to the respective demands of the Lee defendants and Kaleida, plaintiff furnished them with medical authorizations in compliance with the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq.*), but limited those authorizations either to specific dates or to retroactive periods ranging from 21 months to 6 years. According to plaintiffs' attorney, those limited authorizations were "intended to encompass all records . . . which do or may relate to the events underlying [the] action." The Lee defendants moved for an order compelling plaintiff, inter alia, to furnish authorizations that were "without date restrictions," and Kaleida cross-moved for, inter alia, that same relief. We conclude that Supreme Court abused its discretion in granting the motion and cross motion without first conducting an in camera review of the records of the medical providers in question that were outside the time periods specified in the authorizations to determine whether the records are material and related to any physical or mental condition placed in issue by plaintiffs.

"In bringing the action, plaintiff waived the physician/patient privilege only with respect to the physical and mental conditions affirmatively placed in controversy" (*Mayer v Cusyck*, 284 AD2d 937, 938 [2001]). Here, all of plaintiffs' claims of injury and damages arise from the alleged undiagnosed cancer and its sequelae. Contrary to defendants' contentions, the allegations in the bill of particulars that plaintiff sustained, inter alia, mild cachexia and anorexia, loss of enjoyment of life, disability, disfigurement, fear of death, and extensive pain and suffering do not constitute such "broad allegations of injury" that they place plaintiff's entire medical history in controversy (*Geraci v National Fuel Gas Distrib. Corp.*, 255 AD2d 945, 946 [1998]). Thus, as previously noted, the court abused its discretion in compelling plaintiff to provide authorizations with no date restrictions without first conducting an in camera review of the records of treatment outside the specified time periods (*see Mayer*, 284 AD2d at 937-938; *Carter v Fantauzzo*, 256 AD2d 1189, 1190 [1998]; *cf. Geraci*, 255 AD2d at 946).

We therefore reverse the order insofar as appealed from, direct plaintiff to provide current time-restricted authorizations for the medical providers in question and, with respect to any such

medical provider from whom plaintiff received treatment at a different time than that specified in the authorization, further direct plaintiff to submit the records of such treatment to the court, and we remit the matter to Supreme Court for an in camera review of those records to determine whether they are material and related to any physical or mental condition placed in issue by plaintiffs (*see Mayer*, 284 AD2d at 938). Present— Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.