■ KANDIS TIRADO et al., Respondents, v SARA H. KORITZ, M.D., et al., Appellants. [908 NYS2d 793]—

Appeals from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered June 30, 2009 in a medical malpractice action. The order directed plaintiffs to disclose various medical records.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the second ordering paragraph and that part of the third ordering paragraph directing plaintiffs to provide an authorization permitting the release of certain medical records, and by directing plaintiffs to

submit to Supreme Court a certified complete copy of the medical records of plaintiff Kandis Tirado from Daniel Leary, M.D. and a certified complete copy of the medical records of plaintiff Kandis Tirado from Community Blue and Empire Medical Services prior to October 15, 2007, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries allegedly sustained by Kandis Tirado (plaintiff) when her bowel was perforated during a hysterectomy. After plaintiffs refused to comply fully with defendants' disclosure requests, defendants moved for, inter alia, an order compelling plaintiffs to provide medical authorizations in compliance with the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq.*), permitting the release of plaintiff's medical records from various providers.

In view of the injuries alleged by plaintiffs, we conclude that Supreme Court properly exercised its discretion in directing plaintiffs to submit to the court for in camera review a certified complete copy of plaintiff's records from Sadiqa Karim, M.D., Quest Diagnostic and X-Cell Laboratories of WNY (*see Tabone v Lee*, 59 AD3d 1021, 1022 [2009]; *Mayer v Cusyck*, 284 AD2d 937 [2001]; *Carter v Fantauzzo*, 256 AD2d 1189, 1190 [1998]). "In bringing the action, plaintiff waived the physician[-]patient privilege only with respect to the physical and mental conditions affirmatively placed in controversy" (*Mayer*, 284 AD2d at 938). "That waiver, however, 'does not permit wholesale discovery of information regarding [plaintiff's] physical and mental condition. The waiver of the physician-patient privilege made by a party who affirmatively asserts a physical condition in its pleading does not permit discovery of information involving unrelated illnesses and treatments' " (*Carter*, 256 AD2d at 1190).

The court abused its discretion, however, in directing plaintiffs to provide authorizations permitting the release of plaintiff's medical records from Daniel Leary, M.D. and Sadiqa Karim, M.D. that "are related to any condition(s) or disease(s) of the abdomen or pelvis, as well as [to] those [conditions or diseases] that are gynecological or obstetrical in nature." The court, rather than those medical providers, is in the best position "to determine whether the records are material and related to any physical or mental condition placed in issue by plaintiffs" (*Tabone*, 59 AD3d at 1022). We therefore modify the order accordingly. The court properly directed plaintiffs to provide

authorizations permitting the release of plaintiff's medical records from Community Blue and Empire Medical Services from October 15, 2007, the date of the hysterectomy, to the present. We conclude, however, that plaintiffs' "broad allegations of injury" also place the medical history of plaintiff predating the hysterectomy in controversy (*Geraci v National Fuel Gas Distrib. Corp.*, 255 AD2d 945, 946 [1998]). The court therefore should have directed plaintiffs to submit to the court for in camera review a certified complete copy of plaintiff's records from Community Blue and Empire Medical Services prior to October 15, 2007. We therefore further modify the order accordingly. We remit the matter to Supreme Court for an in camera review of plaintiff's medical records from Dr. Leary and plaintiff's medical records from Community Blue and Empire Medical Services prior to October 15, 2007 to determine whether they are material and related to any physical or mental condition placed in issue by plaintiffs. Present—Scudder, P.J., Martoche, Smith and Green, JJ.