■ Thomas R. Nichter et al., Respondents, v Erie County Medical Center Corporation et al., Appellants. [940 NYS2d 509]—

Appeals from an order of the Supreme Court, Erie County (John M. Curran, J.), entered January 19, 2011 in a medical malpractice action. The order denied the motions of defendants to compel plaintiffs to provide certain medical authorizations.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the ordering paragraph denying defendants' motions in their entirety and by directing plaintiff Thomas R. Nichter to submit to Supreme Court, Erie County, for an in camera review, a certified complete copy of his medical, surgical and diagnostic records from the Erie County Medical Center and Buffalo General Hospital for the period beginning June 13, 2005 through the present and from Arvind Wadhwa, M.D. from the first date of service in 1995 through the present and as modified the order is affirmed without costs.

Memorandum: In this action to recover damages for personal injuries allegedly sustained as a result of medical malpractice,

defendants appeal from an order denying their respective motions to compel Thomas R. Nichter (plaintiff) to provide medical authorizations permitting defendants to obtain his records from the Erie County Medical Center and Buffalo General Hospital for the three-year period before the first date of the alleged medical malpractice, which was on June 13, 2008, through the present. They also sought an authorization from plaintiff for his records from his primary medical physician, Arvind Wadhwa, M.D. from the first date of service in 1995, through the present. We conclude, based upon the record before us, that the records sought are "material and necessary" to the defense of this action (CPLR 3101 [a]), inasmuch as they may contain information "reasonably calculated to lead to relevant evidence" (*Grieco v Kaleida Health* [appeal No. 2], 79 AD3d 1764, 1765 [2010]). Indeed, the records are likely to include prior medical conditions that may be relevant to the defense of this action. We further conclude, however, that the records should not be released to defendants until the court has conducted an in camera review thereof, so that irrelevant information is redacted (*see Tirado v Koritz*, 77 AD3d 1368, 1369 [2010]; *see generally Tabone v Lee*, 59 AD3d 1021, 1022 [2009]; *Mayer v Cusyck*, 284 AD2d 937, 938 [2001]). We therefore modify the order accordingly. Present—Scudder, P.J., Centra, Carni, Lindley and Martoche, JJ.