SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**740**

**CA 11-02079**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND SCONIERS, JJ.

---

DARLENE DONALD, PLAINTIFF-RESPONDENT,

V                                                           MEMORANDUM AND ORDER

DEVAN E. AHERN, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KRISTEN M. BENSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

LYNN LAW FIRM, LLP, SYRACUSE (PATRICIA A. LYNN-FORD OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered June 8, 2011 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendant to compel plaintiff to complete HIPAA compliant authorizations and to submit to a second deposition and granted the cross motion of plaintiff for a protective order.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted to the extent that plaintiff is directed to submit to Supreme Court a certified complete copy of her medical records from mental health providers since 2000 and to submit to a second deposition, the cross motion is denied, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle driven by defendant rear-ended the vehicle driven by plaintiff. After deposing plaintiff, defendant moved to compel plaintiff to provide defendant with Health Insurance Portability and Accountability Act ([HIPAA] 42 USC § 1320d *et seq.*) compliant authorizations allowing defendant to obtain plaintiff's medical records from psychologists, psychiatrists, counselors, and therapists from whom plaintiff received treatment, and to compel plaintiff to submit to a second deposition on her psychological conditions, treatment, and related medications, and the effect thereof on her quality of life. Plaintiff cross-moved for a protective order to strike defendant's request for disclosure of the records and to strike her deposition testimony concerning her mental health treatment. In appeal No. 1, defendant appeals from an order denying those parts of his motion to compel plaintiff to produce HIPAA compliant authorizations and to compel plaintiff to submit to a second deposition with respect to any "psychological treatment," while permitting defendant's attorney to continue to depose plaintiff

concerning "any other issues" consistent with Supreme Court's decision inasmuch as defendant's attorney indicated that she had discontinued the deposition when plaintiff became "extremely upset." By the order in appeal No. 1, the court also granted plaintiff's cross motion for a protective order. After defendant filed a notice of appeal from the order in appeal No. 1, plaintiff filed a note of issue and certificate of readiness. Defendant moved to strike the note of issue and certificate of readiness because, inter alia, pretrial discovery had not been completed. In appeal No. 2, defendant appeals from an order denying his motion.

With respect to appeal No. 1, we agree with defendant that the court erred in denying defendant's motion insofar as it sought to compel plaintiff to complete the HIPAA authorizations and erred in granting plaintiff's cross motion, but only to the extent that the resulting records are to be submitted to the court for an in camera review and appropriate redaction, as explained herein, before defendant may receive them. "[A]lthough a plaintiff who commences a personal injury action has waived the physician-patient privilege to the extent that his [or her] physical or mental condition is affirmatively placed in controversy . . ., the waiver of that privilege does not permit discovery of information involving unrelated illnesses and treatments" (*Bozek v Derkatz*, 55 AD3d 1311, 1312 [internal quotation marks omitted]; *see Tirado v Koritz*, 77 AD3d 1368, 1369; *Tabone v Lee*, 59 AD3d 1021, 1022). "The determinative factor is whether the records sought to be discovered are material and necessary in defense of the action . . ., or whether the records may contain information reasonably calculated to lead to relevant evidence" (*Bozek*, 55 AD3d at 1312 [internal quotation marks omitted]; *see Nichter v Erie County Med. Ctr. Corp.*, 93 AD3d 1337, 1338).

Here, plaintiff affirmatively placed various aspects of her physical condition in controversy, including pain in her upper extremities and headaches of increasing intensity and frequency, thus waiving any physician-patient privilege concerning records related to those physical conditions (*see Tirado*, 77 AD3d at 1369; *Tabone*, 59 AD3d at 1022). Based on plaintiff's deposition testimony, plaintiff's depression is related to those physical conditions inasmuch as plaintiff agreed that her depression causes her stress, which in turn increases her pain. Further, defendant is entitled to plaintiff's mental health records because plaintiff alleged that she has suffered an impaired and diminished quality of life and, given plaintiff's preexisting depression, her impaired quality of life and inability to enjoy the activities she enjoyed before the accident could result from physical injuries sustained in the accident, her preexisting mental condition or aggravation of that condition, or some combination thereof. Therefore, because plaintiff's depression is not an unrelated ailment, plaintiff waived her physician-patient privilege concerning her mental health records, and the records sought to be discovered are material and necessary in defense of the action.

We acknowledge, however, that there may be information in plaintiff's mental health records that is irrelevant to the current action, and that there are legitimate concerns with respect to "the

unfettered disclosure" of a plaintiff's mental health records (*see Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 460). We thus conclude that plaintiff must submit her mental health records from 2000 to the present to Supreme Court for an in camera review and the redaction of any irrelevant information (*see Nichter*, 93 AD3d at 1338; *see generally Tirado*, 77 AD3d at 1369; *Tabone*, 59 AD3d at 1022).

We further agree with defendant that the court erred in denying that part of the motion to compel a second deposition of plaintiff regarding her mental health issues. Plaintiff's mental health records are a proper part of disclosure in this case, the deposition of plaintiff on the issue of her mental health is material and necessary to the defense, and defendant's attorney specifically requested an opportunity to depose plaintiff a second time on issues related to her mental health (*see* CPLR 3101 [a]; *Gromoll v Bertolino*, 4 AD3d 759, 759-760).

In light of our conclusion in appeal No. 1, we agree with defendant in appeal No. 2 that the court erred in denying his motion to strike the note of issue and certificate of readiness. A court may strike a note of issue and certificate of readiness on motion where, inter alia, "it appears that a material fact in the certificate of readiness is incorrect" (22 NYCRR 202.21 [e]). Here, the certificate of readiness stated that discovery was complete. Because we agree with defendant that discovery was incomplete when the note of issue and certificate of readiness were filed, " 'a material fact in the certificate of readiness [was] incorrect' " (*Suphankomut v Chi-The Yu*, 66 AD3d 1360, 1360, quoting 22 NYCRR 202.21 [e]).

Entered:  June 15, 2012                    Frances E. Cafarell
                                           Clerk of the Court