# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

512
CA 12-01902
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND WHALEN, JJ.

---

DOMINIQUE D., PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

ROBERT KOERNTGEN, DEFENDANT-RESPONDENT,
ET AL., DEFENDANT.

---

ATHARI & ASSOCIATES, LLC, UTICA (NICOLE C. PELLETIER OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

WILLIAMSON, CLUNE & STEVENS, ITHACA (PAUL D. SWEENEY OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Deborah
A. Chimes, J.), entered July 11, 2012.  The order, inter alia, granted
the motion of defendant Robert Koerntgen to compel plaintiff to
provide authorizations permitting disclosure of certain records.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the motion of defendant
Robert Koerntgen to the extent that it seeks authorizations for the
full disclosure of the records sought in connection with a sexual
assault in Ohio and by granting the cross motion to the extent that it
seeks an in camera review of those records and as modified the order
is affirmed without costs, and the matter is remitted to Supreme
Court, Erie County, for further proceedings in accordance with the
following Memorandum:  Plaintiff commenced this action seeking damages
for injuries she allegedly sustained as the result of her childhood
exposure to lead-based paint when she resided at premises owned by
Robert Koerntgen (defendant).  In her bill of particulars plaintiff
alleges, inter alia, emotional and psychological harm, cognitive and
developmental disabilities, abnormal social and behavioral development
and an ongoing need for psychological and psychiatric services.  After
plaintiff refused to comply fully with his discovery requests,
defendant moved for, inter alia, an order compelling plaintiff to
provide authorizations permitting disclosure of records relating to
any psychological, psychiatric and/or medical treatment plaintiff
received in connection with a sexual assault in Ohio.  Plaintiff
cross-moved for a protective order with respect to those records or,
alternatively, an in camera review of the records by Supreme Court.
The court granted defendant's motion with respect to, inter alia, the
authorizations and denied plaintiff's cross motion.

In view of the injuries alleged by plaintiff, we agree with

defendant that plaintiff waived her physician-patient privilege with respect to the records sought, and that those records may be material and necessary to the defense of the action (*see Donald v Ahern*, 96 AD3d 1608, 1610; *Rothstein v Huh*, 60 AD3d 839, 839-840). We further conclude, however, that there may be information in plaintiff's records that is irrelevant to this action, and there are legitimate concerns with respect to "the unfettered disclosure of sensitive and confidential information" contained in those records (*Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 460; *see Donald*, 96 AD3d at 1610-1611). We therefore modify the order by denying defendant's motion to the extent that it seeks authorizations for the full disclosure of the records sought and by granting plaintiff's cross motion to the extent that it seeks the alternative relief of an in camera review of the records, and we remit the matter to Supreme Court for an in camera review of those records and the redaction of any irrelevant information therefrom (*see Donald*, 96 AD3d at 1611; *Nichter v Erie County Med. Ctr. Corp.*, 93 AD3d 1337, 1339; *Tirado v Koritz*, 77 AD3d 1368, 1369).

Entered:  June 7, 2013                                    Frances E. Cafarell
                                                         Clerk of the Court