Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered July 11, 2012. The order, inter alia, granted the motion of defendant Robert Koerntgen to compel plaintiff to provide authorizations permitting disclosure of certain records.
It is hereby ordered that the order so appealed from is *1434 unanimously modified on the law by denying the motion of defendant Robert Koerntgen to the extent that it seeks authorizations for the full disclosure of the records sought in connection with a sexual assault in Ohio and by granting the cross motion to the extent that it seeks an in camera review of those records and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained as the result of her childhood exposure to lead-based paint when she resided at premises owned by Robert Koerntgen (defendant). In her bill of particulars plaintiff alleges, inter alia, emotional and psychological harm, cognitive and developmental disabilities, abnormal social and behavioral development and an ongoing need for psychological and psychiatric services. After plaintiff refused to comply fully with his discovery requests, defendant moved for, inter alia, an order compelling plaintiff to provide authorizations permitting disclosure of records relating to any psychological, psychiatric and/or medical treatment plaintiff received in connection with a sexual assault in Ohio. Plaintiff cross-moved for a protective order with respect to those records or, alternatively, an in camera review of the records by Supreme Court. The court granted defendant’s motion with respect to, inter alia, the authorizations and denied plaintiffs cross motion.
In view of the injuries alleged by plaintiff, we agree with defendant that plaintiff waived her physician-patient privilege with respect to the records sought, and that those records may be material and necessary to the defense of the action (see Donald v Ahern, 96 AD3d 1608, 1610 [2012]; Rothstein v Huh, 60 AD3d 839, 839-840 [2009]). We further conclude, however, that there may be information in plaintiffs records that is irrelevant to this action, and there are legitimate concerns with respect to “the unfettered disclosure of sensitive and confidential information” contained in those records (Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 460 [1983]; see Donald, 96 AD3d at 1610-1611). We therefore modify the order by denying defendant’s motion to the extent that it seeks authorizations for the full disclosure of the records sought and by granting plaintiffs cross motion to the extent that it seeks the alternative relief of an in camera review of the records, and we remit the matter to Supreme Court for an in camera review of those records and the redaction of any irrelevant information therefrom (see Donald, 96 AD3d at 1611; Nichter v Erie County Med. Ctr. Corp., 93 AD3d 1337, 1338 [2012]; Tirado v Koritz, 77 AD3d 1368, 1369 [2010]). Present — Smith, J.P., Fahey, Garni, Sconiers and Whalen, JJ.