# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**907**

**CA 13-00126**

PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

DIANCA ADAMS, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

EVA I. DAUGHTERY, LISTON DAUGHTERY, KARTRINA L.
JOHNSON (ALSO KNOWN AS KARTRINA L. WILSON),
DANIEL C. ROBINSON AND JOHNSON & ROBINSON
ENTERPRISES, INC., DEFENDANTS-RESPONDENTS.

---

ATHARI & ASSOCIATES, LLC, UTICA (ASH A. NELLUVELY OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HISCOCK & BARCLAY, LLP, ROCHESTER (GARY H. ABELSON OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS KARTRINA L. JOHNSON (ALSO KNOWN AS KARTRINA L.
WILSON), DANIEL C. ROBINSON AND JOHNSON & ROBINSON ENTERPRISES, INC.

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (MICHAEL J. CHMIEL OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS EVA I. DAUGHTERY AND LISTON
DAUGHTERY.

---

Appeal from an amended order of the Supreme Court, Monroe County
(John J. Ark, J.), entered March 28, 2013 in a personal injury action.
The amended order, inter alia, granted the motion and cross motion of
defendants-respondents to compel disclosure and denied the cross
motion of plaintiff for, inter alia, a protective order.

It is hereby ORDERED that the amended order so appealed from is
unanimously modified on the law by denying defendants' motion and
cross motion to the extent that they seek authorizations for the full
disclosure of the records sought and by granting plaintiff's cross
motion to the extent that it seeks an in camera review of those
records and as modified the order is affirmed without costs, and the
matter is remitted to Supreme Court, Monroe County, for further
proceedings in accordance with the following Memorandum:  Plaintiff
commenced this action seeking damages for injuries she sustained as a
result of her exposure, during her childhood, to lead-based paint.
She appeals from an order that granted the motion and cross motion of
defendants-respondents (defendants) to compel disclosure and denied
her cross motion for, inter alia, a protective order or, in the
alternative, an in camera review of the records sought.  We note at
the outset that the order from which plaintiff appeals was superseded
by an amended order entered after she perfected the instant appeal.
There were no substantive changes made to the amended order and it was
entered solely to allow one of the two sets of defendants in this

action to file a respondents' brief on this appeal.  In the exercise of our discretion, we treat the appeal as taken from the amended order (*see* CPLR 5520 [c]; *Matter of Ruggieri v Bryan*, 23 AD3d 991, 991; *see also Matter of Mikia H. [Monique K.]*, 78 AD3d 1575, 1575, *lv dismissed in part and denied in part* 16 NY3d 760).

In view of the injuries alleged by plaintiff, we conclude that she waived her physician-patient privilege and any related privileges with respect to the records sought, and that those records may be material and necessary to the defense of the action (*see Donald v Ahern*, 96 AD3d 1608, 1610; *Rothstein v Huh*, 60 AD3d 839, 839-840). There may be information in plaintiff's records, however, that is irrelevant to this action, and there are legitimate concerns with respect to "the unfettered disclosure of sensitive and confidential information" contained in those records (*Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 460; *see Donald*, 96 AD3d at 1610-1611). Thus, here, as in *Dominique D. v Koerntgen* (107 AD3d 1433, 1434), we modify the order by denying defendants' motion and cross motion to the extent that they seek authorizations for the full disclosure of the records sought and by granting plaintiff's cross motion to the extent that it seeks an in camera review of the records, and we remit the matter to Supreme Court for such in camera review and the redaction of any irrelevant information (*see Donald*, 96 AD3d at 1611; *Nichter v Erie County Med. Ctr. Corp.*, 93 AD3d 1337, 1338).

Entered:  October 4, 2013                          Frances E. Cafarell
                                                   Clerk of the Court