# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1134

KA 12-01479

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

WILLIAM PICHCUSKIE, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM PICHCUSKIE, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Niagara County Court (Sara S. Farkas, J.), dated July 13, 2012. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an oral decision determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). In the exercise of our discretion, we deem the appeal as properly taken from the order that was subsequently entered (*see* CPLR 5520 [c]; *see generally Adams v Daughtery*, ___ AD3d ___, ___ [Oct. 4, 2013]). Contrary to defendant's contention in his main brief, County Court properly determined after a SORA hearing that an upward departure was warranted based upon a videotaped statement of a victim and the affidavit of another person who described defendant's victimization of him when he was between the ages of 12 and 16. We reject defendant's contention in his main brief that the affidavit was improperly admitted at the hearing because he was never charged with the conduct specified in the affidavit, which we note was conduct that was reported after the statute of limitations had run. *Crawford v Washington* (541 US 36), concerning a defendant's right to confront witnesses, does not apply in SORA hearings (*see People v Bolton*, 50 AD3d 990, 990, *lv denied* 11 NY3d 701; *People v Dort*, 18 AD3d 23, 25, *lv denied* 4 NY3d 885), and an out-of-court statement of a victim constitutes reliable hearsay in SORA hearings (*see generally People v Mingo*, 12 NY3d 563, 572-574). We reject defendant's further contention in his main and pro se supplemental briefs that the People failed to present clear and convincing evidence to support the

assessment of 20 points against him for fostering a relationship with the victim in the videotaped statement for the purpose of victimizing him.  That assessment of points is supported by the reliable hearsay contained in the victim's videotaped statement admitted at the hearing (*see generally id.* at 572-573).  We reject defendant's contention in his pro se supplemental brief that he was denied effective assistance of counsel at the SORA hearing (*see People v Rotterman*, 96 AD3d 1467, 1468, *lv denied* 19 NY3d 813; *People v Bowles*, 89 AD3d 171, 181, *lv denied* 18 NY3d 807; *see generally People v Baldi*, 54 NY2d 137, 147).  Finally, defendant's contention in his pro se supplemental brief that he should be a level one sex offender is improperly raised for the first time on appeal and we therefore do not address it (*see People v Windham*, 10 NY3d 801, 802).

Entered:  November 8, 2013                    Frances E. Cafarell
                                             Clerk of the Court