# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**481**

**CA 13-01840**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND VALENTINO, JJ.

---

JEFFREY T. HARRIS AND SHERYL HARRIS,
PLAINTIFFS-RESPONDENTS,

V                                                   MEMORANDUM AND ORDER

ASHLEY E. SCHMIDT AND KATHRYN J. GILL,
DEFENDANTS-APPELLANTS.

---

BURGIO, KITA, CURVIN & BANKER, BUFFALO (HILARY BANKER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

LAW OFFICES OF RICHARD S. BINKO, CHEEKTOWAGA (RICHARD S. BINKO OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, Jr., J.), entered June 4, 2013. The order, among other things, denied in part defendants' motion for, inter alia, discovery of certain documents.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the fourth and fifth ordering paragraphs and granting the motion to the extent that plaintiffs are directed to submit to Supreme Court the documents sought under paragraphs 1, 2, 4 and 5 of the notice for discovery and inspection, and to provide to defendants a copy of the application for no-fault benefits filed by plaintiff Jeffrey T. Harris under Claim No. 01678398692, and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Jeffrey T. Harris (plaintiff) when the vehicle he was driving collided with defendants' vehicle. After plaintiffs failed to respond to defendants' notice for discovery and inspection, defendants moved, inter alia, for discovery of the documents that are the subject of the outstanding discovery demands.

Supreme Court properly exercised its discretion in directing plaintiffs to submit for in camera review income tax and other records relating to the post-accident employment of plaintiff, who is self-employed, but erred in declining to direct plaintiffs to submit for in camera review such records relating to his pre-accident employment. We therefore modify the order accordingly. Those records, whether pre- or post-accident, may contain information that is "material and necessary" to the defense of the action (CPLR 3101 [a]; *see Carter v*

*Fantauzzo*, 256 AD2d 1189, 1190; *Myrie v Shelley*, 237 AD2d 337, 338-339), and the court may minimize any intrusion into plaintiffs' privacy by "redact[ing] any portions of the records . . . that are irrelevant or unduly prejudicial" (*Carter*, 256 AD2d at 1190).  The court properly exercised its discretion in directing plaintiffs to submit for in camera review records of a prior workers' compensation claim unrelated to the subject accident, thus permitting the court to determine whether those records are material and relevant to the medical conditions placed in controversy by plaintiffs (*see Tirado v Koritz*, 77 AD3d 1368, 1370; *Myrie*, 237 AD2d at 339).

We agree with defendants that this Court's decision in *Harris v Processed Wood* (89 AD2d 220) does not render plaintiff's application for no-fault benefits immune from disclosure.  Unlike the statement at issue in that case, the information in plaintiff's application was not communicated to the insurer in anticipation of litigation and, moreover, such information may be "material and necessary" to the defense of the action (CPLR 3101 [a]; *see Donald v Ahern*, 96 AD3d 1608, 1610).  We therefore further modify the order by vacating the fifth ordering paragraph, and we direct plaintiffs to produce the application for no-fault benefits filed by plaintiff Jeffrey T. Harris under Claim No. 01678398692.

Entered:  May 9, 2014                          Frances E. Cafarell
                                               Clerk of the Court