# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

599

CA 13-01926

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

FAREEDAH A. BARNES, PLAINTIFF-APPELLANT,

V                                                  MEMORANDUM AND ORDER

DANIEL S. HABUDA, INDIVIDUALLY AND DOING
BUSINESS AS DAN'S COLLISION,
DEFENDANT-RESPONDENT.
(APPEAL NO. 2.)

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

HISCOCK & BARCLAY, LLP, ROCHESTER (SANJEEV DEVABHAKTHUNI OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered June 10, 2013. The order adjourned trial until plaintiff discloses the records of Jeff Reinhardt, M.D., or provides a copy of those records to Supreme Court for in camera review, or there is a determination of the appeal taken by plaintiff from an order entered April 30, 2013.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this personal injury action arising from a motor vehicle accident, plaintiff appeals from two orders relating to the release of certain of her medical records. The medical records in question are those of a physician whom plaintiff asserts is her gynecologist (hereafter, physician). By the order in appeal No. 1, Supreme Court ordered plaintiff, inter alia, to "produce duly executed medical authorizations permitting defendant to obtain records of and speak with" the physician. When plaintiff failed to comply with that provision of the order, the court, upon defendant's motion to strike plaintiff's pleadings, issued the order in appeal No. 2, affording plaintiff the additional option of providing the physician's records to the court for in camera review.

We note at the outset that plaintiff's appeal from the order in appeal No. 1 must be dismissed because that order was superseded by the order in appeal No. 2 in relevant part, i.e., the order in appeal No. 2 afforded plaintiff the option of either providing the medical authorizations directly to defendant or providing the records to the court for in camera review (*see generally Loafin' Tree Rest. v Pardi*

[appeal No. 1], 162 AD2d 985, 985).

With respect to the merits of appeal No. 2, it is well settled that the trial court " 'is vested with broad discretion to control discovery and that the court's determination of discovery issues should be disturbed only upon a showing of clear abuse of discretion' " (*Eaton v Hungerford*, 79 AD3d 1627, 1628).  It is also well settled that, " '[i]n bringing the action, plaintiff waive[s] the physician[-]patient privilege only with respect to the physical and mental conditions affirmatively placed in controversy' " (*Tirado v Koritz*, 77 AD3d 1368, 1369).   " 'The waiver of the physician-patient privilege made by a party who affirmatively asserts a physical condition in its pleading does not permit discovery of information involving unrelated illnesses and treatments' " (*id.; see Donald v Ahern*, 96 AD3d 1608, 1610).

Here, we conclude that the court, in its superseding order, properly afforded plaintiff the option of providing the records to the court for an in camera review.  If, as plaintiff asserts, the physician's medical records contain no information regarding the injuries she allegedly sustained as a result of the subject motor vehicle accident, then the records are irrelevant to this action and should not be disclosed to defendant.  Alternatively, the court may redact the records to include only information relevant to this action.

Entered: June 20, 2014                    Frances E. Cafarell
                                          Clerk of the Court