# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

381

CA 14-00172

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

BRENDA READING AND JAMES KRANZ,
PLAINTIFFS-RESPONDENTS,

V                                                      MEMORANDUM AND ORDER

ANTHONY FABIANO, M.D. AND KALEIDA HEALTH,
DOING BUSINESS AS MILLARD FILLMORE GATES HOSPITAL,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 2.)

---

DAMON MOREY LLP, BUFFALO (AMY ARCHER FLAHERTY OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

BROWN CHIARI LLP, LANCASTER (MICHAEL R. DRUMM OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

-----------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered September 18, 2013.  The order granted the motion of defendants for leave to reargue their prior motion to compel certain discovery and, upon reargument, adhered to its prior decision.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Plaintiffs commenced this medical malpractice action seeking damages for injuries sustained by Brenda Reading (plaintiff) during a surgical procedure for the removal of a tumor on her pituitary gland.  Plaintiffs alleged that defendant Anthony Fabiano, M.D. was negligent in the application of a skin preparation solution that came into contact with plaintiff's eyes during the surgery, resulting in, inter alia, damage to her corneas.  By the order in appeal No. 2, Supreme Court granted defendants' motion for leave to reargue their prior motion to compel certain discovery and, upon reargument, adhered to its prior decision directing the disclosure of redacted portions of certain medical records.  The court attached as "Exhibit A" to the order in appeal No. 2 an "amended memorandum decision and order" deleting the phrase "nor is there any claim for loss of enjoyment of life" from the original order.  We dismiss the appeal from the "amended memorandum decision and order" in appeal No. 3, which did not effect a "material or substantial change" (*Matter of Kolasz v Levitt*, 63 AD3d 777, 779).

We affirm the order in appeal No. 2.  "In bringing the action, plaintiff waived the physician/patient privilege only with respect to

the physical and mental conditions affirmatively placed in controversy" (*Mayer v Cusyck*, 284 AD2d 937, 938). Indeed, that waiver " 'does not permit wholesale discovery of information regarding [plaintiff's] physical and mental condition' " (*Carter v Fantauzzo*, 256 AD2d 1189, 1190). Contrary to defendants' contention, the allegations in the bill of particulars that plaintiff sustained "serious and permanent injuries, including:  toxic keratitis; bilateral corneal abrasions; severe bilateral photophobia; impaired vision; decrease in vision; need for corneal transplants; loss of enjoyment of life; disability; and pain and suffering" "do not constitute such 'broad allegations of injury' that they place plaintiff's entire medical history in controversy" (*Tabone v Lee*, 59 AD3d 1021, 1022; *cf. Geraci v National Fuel Gas Distrib. Corp.*, 255 AD2d 945, 946). The court properly conducted an in camera review to redact irrelevant information (*see generally Nichter v Erie County Med. Ctr. Corp.*, 93 AD3d 1337, 1338), and properly limited disclosure to the "conditions affirmatively placed in controversy" (*Mayer*, 284 AD2d at 938).

Entered:  March 27, 2015                    Frances E. Cafarell
                                            Clerk of the Court