OPINION OF THE COURT
Matthew A. Rosenbaum, J.
Defendants by notice of motion seek an order pursuant to CPLR 3101 and Arons v Jutkowitz (9 NY3d 393 [2007]) compelling plaintiff’s counsel to provide appropriate medical and speaking authorizations or, in the alternative, an order of preclusion.
Plaintiff opposes defendants’ requests as overly broad, and seeks limitation to records and speaking authorizations involving “only plaintiff’s left arm and resulting psychological damages from her arm’s scarring and disfigurement.”
Discussion
Plaintiff Julia Josphe alleges that she sustained permanent scarring to her left arm as a result of a dermatological procedure performed by defendant Dr. Tu in December 2013. There were four treatments with the last occurring on April 8, 2016. (Defendants’ exhibit D, verified bill of particulars ¶ 8 [c].) Plaintiff alleges permanent scarring, significant disfigurement, psychological damages and loss of enjoyment of life. (Id.)
Plaintiff’s counsel objects to defendants’ request for virtually all medical records from any encounters with medical professionals over the last 20 years as not relevant, overly broad and contrary to the Fourth Department holdings. Counsel submits that the injuries are narrow in scope, only involving her left arm and resulting psychological damage from the arm’s scarring and disfigurement. Defendants seek medical records of plaintiff’s primary care physicians over the past 20 years including records of her current physician since 2008, Dr. Wolff; Dr. Marylu Gleason prior to 2008; and Dr. James L. Budd, a former physician approximately 20 years ago. (Field affirmation, Apr. 14, 2016, ¶ 10.) Counsel contends that the health authorizations seek “all health information” not limited to the specific body parts, and that the speaking authorizations, although limited, are “insufficiently specific and provide no notice to the providers of the actual injuries at issue” (¶ 12).
Plaintiff’s counsel further submits that in a post motion request dated March 14, 2016, defendants seek authorizations for eight additional medical providers “including every major hospital in the Rochester area” (¶ 13).
*530 Counsel for defendants in her reply submits that the request was narrowed from 16 providers to the requested 11 including the three past and present primary care physicians. Counsel contends that it is impossible to determine whether the records are relevant without first reviewing the records. In regards to the speaking authorizations, counsel submits that they are consistent with Arons v Jutkowitz, but that defendants would be amenable “to including alternate language on the authorizations, which more specifically outlines the details of the lawsuit.” (Gregorio affirmation, Apr. 18, 2016, ¶ 12.)
It is well settled law in the Fourth Department that “although a plaintiff who commences a personal injury action has waived the physician-patient privilege to the extent that his [or her] physical or mental condition is affirmatively placed in controversy . . . , the waiver ... of that privilege does not permit discovery of information involving unrelated illnesses and treatments” (Bozek v Derkatz, 55 AD3d 1311, 1312 [2008] [internal quotation marks omitted]; see Tirado v Koritz, 77 AD3d 1368, 1369 [2010]; Tabone v Lee, 59 AD3d 1021, 1022 [2009]).
“The determinative factor is whether the records sought to be discovered are material and necessary in defense of the action ... , or whether the records may contain information reasonably calculated to lead to relevant evidence” (Bozek, 55 AD3d at 1312 [internal quotation marks omitted]; see Nichter v Erie County Med. Ctr. Corp., 93 AD3d 1337, 1338 [2012]; Donald v Ahern, 96 AD3d 1608, 1610 [4th Dept 2012]).
A plaintiff’s mental health records will nevertheless be discoverable, even where plaintiff has dropped her claim for emotional distress, where
“her broad allegations of injury, including her alleged limited ability to perform normal daily functions and social activities, as well as her alleged ‘inability and limited ability to engage in life’s enjoyments and loss of employment and career,’ could have resulted from physical injuries sustained in the accident, her preexisting mental condition or some combination thereof.” (Boyea v Benz, 96 AD3d 1558, 1560 [4th Dept 2012] [citations omitted].)
Plaintiff herein has raised a permanent life altering arm scar with significant disfigurement and a psychological injury based thereon. Plaintiff alleges a permanent loss of enjoyment of life. The claims are similar to those alleged in Boyea v Benz, *531 which psychological injury could be caused by the injury or a preexisting mental condition or combination thereof, which can not be determined without discovery of pertinent medical records.
However, the court is cognizant that the alleged injuries, regardless of their significance, do not warrant a carte blanche, wholesale entitlement to all of plaintiffs medical records from the beginning of time. Defendants’ request for plaintiff’s primary care records, including those almost a quarter of a century old, is overly broad, burdensome and unlikely to lead to relevant evidence.
The cited cases are clear that where pre-accident records, mainly mental health records, are requested or contained in the file, an in camera submission is warranted to determine relevance and materiality. (Boyea; Schlau v City of Buffalo, 125 AD3d 1546, 1548 [4th Dept 2015].)
Although it has not been the court’s experience that these discovery issues are widespread, with the myriad of medical malpractice cases on the court’s calendar, an in camera review of every file could become a monumental task. In an attempt to creatively deal with the potential judicial backlog if these issues arise more frequently, and to preserve judicial resources, while protecting the competing rights of the parties, a streamlined process could reasonably resolve the competing interests and goals. In following the guidance bestowed by the Appellate Division, regarding which cases require an in camera review, this court implements the following process, subject to any comments which the parties believe may be of assistance: The objected to pretreatment (injury) records including those requested from the area hospitals shall be submitted to the court for an in camera review. However, to assist in the process, plaintiff’s counsel shall request a copy of the records, review them and determine which particular records or entries they object to being disclosed. Counsel shall draft a privilege log describing the contents of the records, their objection to the release and the legal basis thereof.
In this particular matter, the court would limit the discovery to five years prior to the alleged negligence, but if defendants find materials in those records which would warrant further discovery, an application can be made thereon if the parties can not agree otherwise.
In regards to the speaking authorizations, the court suggests that defendants refine the language outlining the lawsuit and *532 specific injuries which may be agreeable to plaintiff, otherwise the court will entertain a conference to further discuss any disagreement.
Any relief requested by the parties, but not specifically granted herein, is denied.