# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

184

CA 16-00323

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

LUAM K. ABRAHA, PLAINTIFF-RESPONDENT-APPELLANT,

V                                    MEMORANDUM AND ORDER

CRISTINE M. ADAMS, M.D., JEFFREY W. MYERS, D.O.,
ERIE COUNTY MEDICAL CENTER CORPORATION, UNIVERSITY
EMERGENCY MEDICAL SERVICES, INC.,
DEFENDANTS-APPELLANTS-RESPONDENTS,
ET AL., DEFENDANT.

---

GIBSON MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL J. WILLETT OF
COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS CRISTINE M. ADAMS,
M.D., JEFFREY W. MYERS, D.O. AND UNIVERSITY EMERGENCY MEDICAL
SERVICES, INC.

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (ELIZABETH G. ADYMY OF
COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT ERIE COUNTY MEDICAL
CENTER CORPORATION.

FRANCIS M. LETRO, BUFFALO (CAREY C. BEYER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeals and cross appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered June 10, 2015. The order, among other things, directed that the bulk of the records subpoenaed to the court for an in camera review were not subject to disclosure.

It is hereby ORDERED that the order so appealed from is unanimously modified in the exercise of discretion by directing plaintiff to provide defendants-appellants-respondents with a privilege log in compliance with CPLR 3122 (b), and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained as a result of medical malpractice committed by, inter alia, Cristine M. Adams, M.D., Jeffrey W. Myers, D.O., and University Emergency Medical Services, Inc. (Adams defendants) and Erie County Medical Center Corporation (ECMC) in their treatment of her after she was assaulted by her estranged husband. ECMC and the Adams defendants (collectively, defendants) appeal and plaintiff cross-appeals from an order in which Supreme Court, after an in camera review of plaintiff's records from the shelter for domestic violence victims where she was living at the time of the assault, ordered disclosure of redacted copies of certain records, but

determined that "[t]he bulk of the records are not subject to disclosure."

We first address plaintiff's cross appeal.  Contrary to her contention, the shelter records are not protected by any privilege, and they are thus subject to disclosure to the extent that they are material and necessary to the defense of the action (*see Dominique D. v Koerntgen*, 107 AD3d 1433, 1434; *see generally* CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406-407).  Even assuming, arguendo, that the records were prepared by licensed social workers, which is not evident from the records themselves, we conclude that plaintiff waived any privilege afforded by CPLR 4508 by affirmatively placing her medical and psychological condition in controversy through the broad allegations of injury in her bills of particulars (*see Schlau v City of Buffalo*, 125 AD3d 1546, 1547; *Velez v Daar*, 41 AD3d 164, 165-166; *Diamond v Ross Orthopedic Group, P.C.*, 41 AD3d 768, 768-769; *cf. Tabone v Lee*, 59 AD3d 1021, 1022).  Inasmuch as defendants are not seeking disclosure of the street address of the shelter, we reject plaintiff's contention that Social Services Law § 459-h precludes disclosure of the records.  Furthermore, 18 NYCRR 452.10 (a), which renders confidential certain information "relating to the operation of residential programs for victims of domestic violence and to the residents of such programs," does not preclude disclosure of the records because that regulation allows for access to such information "as permitted by an order of a court of competent jurisdiction" (18 NYCRR 452.10 [a] [2]).  That regulation does not preclude a court from ordering disclosure of shelter records that are material and necessary to the defense of an action (*see generally Staten v City of New York*, 90 AD3d 893, 895; *Schwahl v Grant*, 47 AD3d 698, 699).

With respect to defendants' appeals, we conclude that defendants are not entitled to " 'unfettered disclosure' " of plaintiff's potentially sensitive shelter records (*Adams v Daughtery*, 110 AD3d 1454, 1455).  Indeed, we note that a court is "entitled to consider . . . the personal nature of the information sought" in making a disclosure order (*Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 747; *see Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 460).  We agree with defendants, however, that the court should have directed plaintiff to provide a copy of her privilege log to them rather than directing her to provide it only to the court as an aid for its in camera review of the records.  That contention is unpreserved for our review because defendants failed to object to the court's directive regarding the privilege log before the court ruled on the discoverability of the records (*see Mazzarella v Syracuse Diocese* [appeal No. 2], 100 AD3d 1384, 1385-1386).  Nevertheless, we reach this issue as an exercise of our own discretion in discovery matters (*see Andon*, 94 NY2d at 745; *Page v Niagara Falls Mem. Med. Ctr.*, 141 AD3d 1084, 1085), because defendants' lack of any information about the nature of the shelter records deprived them of a reasonable opportunity to be heard on the discovery issues (*see generally Anonymous v High School for Envtl. Studies*, 32 AD3d 353, 359).  We agree with plaintiff that providing her existing privilege log to defendants may be prejudicial given that she prepared the log in

reliance on the court's directive that it was to be provided only to the court. We therefore modify the order by directing that plaintiff provide defendants with a new privilege log describing the withheld records and her legal grounds for withholding them, in compliance with CPLR 3122 (b) (*see Stephen v State of New York*, 117 AD3d 820, 820-821; *see generally Matter of Subpoena Duces Tecum to Jane Doe*, 99 NY2d 434, 442). After defendants have received the privilege log, the court should afford them an opportunity to argue that any of those records are subject to disclosure, and the court shall thereafter make a de novo determination in that regard. We express no opinion on the potential merit of any such arguments.

Entered: March 31, 2017                     Frances E. Cafarell
                                            Clerk of the Court