■ LINDA SNYDER, Appellant, v BERNARD W. ASHER, M.D., et al., Respondents. [60 NYS3d 881]—

Appeal from an order of the Supreme Court, Genesee County (Emilio L. Colaiacovo, J.), entered October 28, 2016. The order, insofar as appealed from, granted the motion of defendants insofar as it sought to compel plaintiff to provide unlimited authorizations for primary care, Social Security disability and pharmaceutical records.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion to the extent that defendants seek unlimited authorizations for plaintiff's primary care, Social Security disability, and pharmaceutical records, and granting the motion to the extent that defendants seek an in camera review of those records, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Genesee County, for further proceedings in accordance with the following memorandum: In this medical malpractice action, plaintiff appeals from an order that granted defendants' motion insofar as defendants sought to compel her to provide unlimited authorizations for primary care, Social Security disability, and pharmaceutical records.

Contrary to plaintiff's contention, based upon the record before us, we conclude that those records are "material and necessary" to the defense of the action inasmuch as they are likely to contain relevant information about plaintiff's prior medical conditions (CPLR 3101 [a]; *see Nichter v Erie County Med. Ctr. Corp.*, 93 AD3d 1337, 1338 [2012]). We note, however, that defendants in the alternative sought an in camera review of those records, and we agree with plaintiff that Supreme Court should have granted that alternative relief. We thus conclude that "the records should not be released to defendants until the court has conducted an in camera review thereof, so that irrelevant information is redacted" (*Nichter*, 93 AD3d at 1338; *see generally Barnes v Habuda*, 118 AD3d 1443, 1444 [2014]). We therefore modify the order accordingly, and we remit the matter to Supreme Court for an in camera review of the subject records and the redaction of any irrelevant information. Present—Carni, J.P., Lindley, NeMoyer, Curran and Troutman, JJ.